## LUM v. ROBERTSON.

1. Where a bank charter is forfeited on *quo warranto* and the corporation is dissolved, and a trustee appointed by judicial order made under statute to collect the debts due to it and apply them to the payment of debts which it owes, does so collect them and pay—any surplus, by the laws of Mississippi, and by general laws of equity, will belong to the stockholders. *Bacon* v. *Robertson* (18 Howard, 480), affirmed.

2. A delinquent debtor cannot in such case plead the judgment of forfeiture as against a trustee seeking to reduce his debt to money for the benefit of the stockholders.

ERROR to the District Court of the United States for Eastern Texas.

In July, 1851, Lum made two promissory notes at Natchez, Mississippi, in favor of Robertson, as trustee of the Commercial Bank of Natchez, or order. On these notes

---

suit was brought below in the name of Robertson, for the use of Alexander Ferguson.

The defendant pleaded substantially as follows:

That prior to the making of the notes, an information in the nature of a *quo warranto*, had been instituted by the State of Mississippi against the bank, under which its charter was declared forfeited, and the corporation was judicially dissolved, in pursuance of an act of the legislature of the State.

That under the provisions of the act, Robertson was, by an order of court, appointed trustee, for the purposes set forth in the act, viz., " to take charge of the assets and books of said Commercial Bank of Natchez, wherever the same might be found, either in the possession of said bank, or their officers, agents, trustees, or attorneys; to sue for and collect all debts due to the bank, and the proceeds of the debts when collected, and of the property when sold, to apply as might be thereafter directed by law, *to the payment of the debts* of the said Commercial Bank of Natchez."

That the foregoing, and no others, were the appointment, power and authority of the said Robertson, as trustee of said bank, and that he never had any other right, title or interest as said trustee; that the said notes were executed on account of a debt to the said bank, and that the consideration thereof wholly moved from, and was due to, the bank, and that the notes were executed to Robertson in his official character and right, as trustee as aforesaid, and in no other character or right.

That subsequently, it appearing to the satisfaction of the said court that Robertson had fully discharged all his duties as trustee, and had fully satisfied and paid all legal claims against the trust fund in his hands, it was ordered, that he be finally discharged from all the rights and duties conferred upon him, by virtue of his appointment as such trustee, &c.

That afterwards, to wit, in a suit by one Bacon and other stockholders against Robertson, *for the purpose of recovering and distributing the surplus assets among the stockholders*, Ferguson, to whose use the present suit was brought by a decree of court, duly appointed a receiver in said cause, " and that

Robertson was ordered to deliver to Ferguson all the moneys, bonds, notes and property of all kinds which the said Robertson had held as late trustee."

That at the time the notes were made and executed to Robertson, trustee as aforesaid, he had collected of the debts, effects and property of said bank, an amount of money sufficient to pay off all its debts, and all costs, charges and expenses incident to the performance of his said trust, and had, in fact, paid off the same, and thereby became *functus officio*, and was further expressly removed from his said office of trustee, as aforesaid.

To these pleas the plaintiff demurred. The court sustained the demurrer, and judgment went for the plaintiff.

The matter for determination on error here, was whether the pleas presented a valid defence to the action.

*Messrs. Green Adams and Leech, for the plaintiff in error; Messrs. Conway Robinson and W. G. Hale, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

The decision of this court in *Bacon et al.* v. *Robertson,*[*] disposes of this case.

The Commercial Bank of Natchez, Mississippi, by judicial forfeiture, was deprived of its charter, and Robertson appointed a trustee to wind up its affairs. In discharge of his trust, having paid all the debts of the insolvent corporation, a large surplus remained. The object of the suit in *Bacon* v. *Robertson*, was to establish the title of the stockholders to this surplus. Robertson refused to distribute the effects in his hands, claiming that, since the dissolution of the corporation, the stockholders had no rights which this court could recognize. But the court, in an elaborate opinion, decide that the trustee cannot deny the title of the stockholders to a distribution, and that, by the laws of Mississippi and the general principles of equity jurisprudence, the surplus of the

* 18 Howard, 480.

assets which may remain after the payment of debts and expenses, belong to the stockholders of the bank.

After this decision, Ferguson was appointed receiver, and Robertson ordered to deliver to him the effects of the bank, which he held as trustee. In pursuance of this order, the two notes on which the suit is brought were delivered to Ferguson, and the name of Robertson, in whom the legal title rests, is used to enforce their collection.

Lum, a delinquent debtor of the bank, cannot plead the extinguishment of his debt by the judgment of forfeiture, for the court (in the case cited) say, the debt exists and can be recovered, and that it is the duty of the trustee to reduce the property of the bank to money, and distribute it among the stockholders. Nor can Lum be permitted to show (not having a meritorious defence to the suit) that Robertson, the nominal plaintiff, in whose name the suit is brought, is no longer the real party in interest.

Ferguson having the beneficial interest in the notes, has the right to use the name of Robertson to compel a recovery.

JUDGMENT AFFIRMED.