FRANCIS E. PARKER & others *vs.* METROPOLITAN RAILROAD COMPANY.

The St. of 1864, *c.* 229, § 26, limiting the rates of toll to be charged by ferry companies for passengers transported on the cars of street railway companies, is constitutional, and binds a ferry company, incorporated before its passage, whose charter is liable to alteration or repeal under the Rev. Sts. *c.* 44, § 23. (Gen. Sts. *c.* 68, § 41.)

CONTRACT by the receivers of the East Boston Ferry Company, which was incorporated by the St. of 1852, *c.* 244,* against a street railway corporation, to recover tolls for the carriage of 238,143 passengers in the defendants' cars over the ferry, between October 1869 and March 1870. Writ dated March 31, 1870. The case was submitted to the judgment of the court on an agreed statement of facts, the court to render such judgment as the facts might require. The case is stated in the opinion.

*C. A. Welch & S. Wells,* for the plaintiffs.

*W. A. Field,* for the defendants.

MORTON, J. This is an action of contract to recover for tolls of passengers carried in the cars of the defendants upon the boats of the East Boston Ferry Company, between October 1869 and March 1870. It is agreed that the number of passengers carried is correctly stated in the declaration, so that the only controversy is as to the rate of tolls the ferry company was entitled to charge.

It appears from the agreed statement of facts that there was no contract between the companies, in force during the time cov-

* SECTION 2 provides that the company "shall be allowed to collect and receive such tolls as the said mayor and aldermen" [of Boston] "shall determine; provided, however, that the rates of ferriage shall never be so much reduced as to reduce the yearly dividends of said company to an amount less than eight per cent. on the amount of capital stock actually invested."

ered by the declaration, which fixed the rate of toll. The ferry company had a contract with the Suffolk Railroad Company, un der which they carried passengers for one cent a person up to July 27, 1864, at which date the defendants purchased the franchise and property of that corporation. But the effect of such purchase was not an assumption by the defendants of this con tract. They could not assume it and enforce its provisions, so far as they remained executory, without the assent, express or implied, of the ferry company. And the facts show that the companies did not, expressly or by implication, adopt this contract as binding between them. After said purchase, they substituted an oral agreement, by which one cent and a half a passenger was paid monthly by the defendants, a rate of toll different from that provided for in the contract. This agreement was for no fixed time, and was revocable by either party; it continued until October 4, 1869, when the ferry company revoked it, and gave notice to the defendants that they must pay thereafter three cents each for adult passengers and two cents each for children, those being the rates of toll for foot passengers established by the mayor and aldermen of Boston, by an order passed October 4, 1869.

There being then no contract between the parties, the question is what rate of toll the defendants are by law required to pay. They contend that under the St. of 1864, *c.* 229, § 26, they cannot be compelled to pay more than one cent for each passenger. This statute provides that " no ferry corporation or commissioners of a toll bridge shall exact of a railway company whose cars cross a ferry or toll bridge less than one mile in length, any other toll than one cent on each passenger carried across in its cars." The plaintiffs' ferry is less than one mile in length, and there can be no doubt that the statute was intended to apply to it. It is therefore decisive of this case, unless the ground taken by the plaintiffs, that it is unconstitutional, can be maintained.

The question is whether it impairs the obligation of the contract contained in the charter from the Commonwealth to the East Boston Ferry Company.

This act of incorporation was passed May 18, 1852. It provides that the corporation shall be invested " with all the powers

and privileges, and subject to all the duties, liabilities and restric-
tions set forth in the forty-fourth chapter of the Revised Stat-
utes." St. 1852, c. 244, § 1.

The forty-fourth chapter of the Revised Statutes provides that
" every act of incorporation, passed since the eleventh day of March
in the year one thousand eight hundred and thirty-one, or which
shall be hereafter passed, shall at all times be subject to amend-
ment, alteration or repeal, at the pleasure of the legislature; pro-
vided that no act of incorporation shall be repealed unless for
some violation of its charter, or other default, when such charter
shall contain an express provision limiting the duration of the
same." Rev. Sts. c. 44, § 23. Similar provisions are contained
in the statutes now in force. Gen. Sts. c. 68, § 41. The effect
of these provisions is the same as if the charter of the ferry com-
pany had contained an express condition inserted therein, that it
should at all times be subject to amendment or alteration at the
pleasure of the legislature. They accepted their charter subject
to this as one of the terms or conditions of the contract created
by it.

Many cases have arisen in this court involving the construction
and application of this enactment which reserves to the legisla-
ture the power to amend or alter charters granted after its pas-
sage. The reservation of power is broad and comprehensive.
Whatever may be its limitation, it at least reserves to the legis-
lature the right to make any reasonable amendments regulating
the mode in which the franchise granted shall be used and en-
joyed, which do not defeat or essentially impair the object of the
grant, or take away any property or rights which have become
vested under a legitimate exercise of the powers granted. *Rox-
bury* v. *Boston & Providence Railroad Co.* 6 Cush. 424. *Com-
monwealth* v. *Essex Co.* 13 Gray, 239. *Fitchburg Railroad Co.*
v. *Grand Junction Railroad Co.* 4 Allen, 198. *Commonwealth*
v. *Eastern Railroad Co.* 103 Mass. 254. *Commissioners of In-
land Fisheries* v. *Holyoke Water Power Co.* 104 Mass. 446.

The provision in the St. of 1864 which we are considering was
intended to operate as an amendment of the charter of the ferry
company. The first section provides that provisions contained in

this act, " so far as inconsistent with charters heretofore granted, shall be deemed and taken to be in alteration and amendment thereof." St. 1864, *c.* 229, § 1.

The power of regulating tolls upon incorporated ferries, bridges and turnpikes has been constantly exercised by the legislature. The great object of such corporations is the accommodation of public travel ; and most, if not all, of the charters creating them contain provisions for the regulation of the tolls they are entitled to charge the public. The charter of the East Boston Ferry Company contains such provisions. The legislation in question, therefore, is not upon a subject foreign to the provisions of the charter or the objects of the grant. It is strictly in alteration or amendment of such provisions ; and it is designed to promote the chief object of the grant.

We have no doubt it was competent for the legislature, under the power reserved to alter or amend this charter, to pass the law we are considering, and that from its passage it fixed the rate of toll which the ferry company was entitled to exact for passengers carried over their ferry in the cars of the defendants.

It follows that the plaintiffs are entitled to recover one cent on each passenger carried.

*Judgment for the plaintiffs accordingly.*