## METROPOLITAN RAILROAD COMPANY vs. HIGHLAND STREET RAILWAY COMPANY.

Suffolk. March 9. — Sept. 6, 1875. AMES & ENDICOTT, JJ., absent.

Where the Legislature has reserved the power to alter, amend and repeal the charter of a street railway corporation, it may lawfully authorize another corporation to use its tracks, or to lay similar tracks through the same streets, making compensation for the use of the tracks of the first corporation, without making any compensation for the diminution of its profits or the value of its franchise.

It is within the discretion of the railroad commissioners, authorized by the St. of 1871, c. 381, §§ 38, 39, to determine the rate of compensation to be paid by one street railway corporation for the use of the tracks of another corporation, to establish rules regulating the modes of apportioning expenses and estimating compensation between the corporations, and to the exercise of that discretion, if no question of law is involved, no exception lies.

PETITION to the board of railroad commissioners, under the St. of 1871, c. 381, to determine the compensation to be paid to the petitioner for the use of its tracks by the respondent. The commissioners heard the parties, and made and returned to this court an award, which, after stating the facts of the case, the substance of which appears in the opinion of the court, stated that the award was made upon the following principles :

" The route through which a corporation can operate a street railway and receive and retain profits for the carriage of passen-

gers in its cars is coextensive with the limits specified in its act of incorporation.

" Where different routes or parts of routes are specified in the respective charters, such routes or parts of routes appertain exclusively to that company in whose charter alone they are specified.

" Where the same route or part of a route is specified for two or more companies, that route is the common property of all such companies, and no one of them has an exclusive right to its use, or to the profits on the carriage of passengers within, to or from the streets included in it.

" The granting of a franchise to operate a street railway within defined limits is a matter which rests exclusively in legislative discretion; a prior charter in no way excludes the granting of a subsequent charter including the same route or any part of it.

" The right of a street railway company to enter upon and use the tracks of another company, which tracks are situated within the franchise limits of the entering company, conveys to such entering company rights and privileges wholly different from those conveyed by a similar power in cases where the tracks entered upon are without or beyond such franchise limits.

" The tracks of the Metropolitan Railroad Company, entered upon and used by the Highland Street Railway Company, all lie within the franchise limits of the latter company; in such case the compensation to be awarded for such entry and use must be arrived at by ascertaining the entire expense of the maintenance of the track in question, including a fair interest on its original cost, and dividing such expense between the companies, in proportion to the use of such track, made by each.

" The Metropolitan Railroad Company, though the prior company, having no exclusive right in such routes or parts of routes as are included in the franchises of both companies, is not entitled to receive any compensation for division of business, or diversion of profits, consequent upon the operation of the Highland Street Railway Company within such routes or parts of routes.

" In case of the overcrowding of tracks by the cars of companies having a legal right to enter upon and use such tracks, as being within the chartered limits of such companies, no company whose business is injured by such overcrowding has any claim on

account of such injury against the other companies equally en-
titled to the use of such tracks."

The award then stated the amount of compensation awarded,
and concluded as follows :

" We further award, that the Highland Street Railway Com-
pany, as respects the period of entry upon and the use made of
the Metropolitan Railroad Company's track, shall conform to the
rules and regulations established in such respects by the last-
named company, or by the board of aldermen of the city of Bos-
ton, and each company shall conduct business, in the enjoyment
of its rights, so as to interfere as little as possible with the busi-
ness of the other.

" The cost of maintaining switches, including wages of switch-
men, at all points where the Highland Street Railway Company
enters upon and leaves the Metropolitan tracks, shall be borne by
the first-named company ; on all other portions of the tracks used
in common, it shall be borne by the Metropolitan Railroad Com-
pany, and is included in the general compensation awarded.

" The cost of removing snow and ice from the tracks used in
common shall be borne by the Metropolitan Railroad Company,
and is included in the general compensation awarded, except as
regards that portion of the track located in Warren Street, be-
tween Dudley Street and Grove Hall, sections of which belong
to each company ; as regards this portion of track, it is awarded
that the charge of removing ice and snow from all the track lying
between Grove Hall and the north side of Lansing Street be
borne exclusively by the Highland Street Railway Company, and
the cost of removing ice and snow from all the track between the
north side of Lansing Street and Dudley Street shall be borne
exclusively by the Metropolitan Railroad Company.

" This award shall take effect and be binding from and after
January 1, 1874."

The petitioner excepted to the report of the commissioners, and
objected to its acceptance, because each of the principles stated
by them was erroneous, and because they determined that the
respondent under its charter and location had any other rights
in the tracks of the petitioner than to enter upon and use them
upon payment of compensation, and that the two companies had
by their charters and locations, and acts under them, the same

franchises in the streets in which the respondent uses the petitioner's tracks.

The case was reserved by *Morton*, J., for the consideration of the full court upon the award of the commissioners and the exceptions thereto.

*S. Bartlett & G. O. Shattuck*, for the petitioner.

*E. R. Hoar & T. W. Clarke*, for the respondent.

GRAY, C. J.   The Metropolitan Railroad Company, under its charter from the Legislature, doubtless had a franchise to run cars for hire upon its tracks as located by the mayor and aldermen, and its right in this respect was exclusive as against other persons and corporations to whom the Legislature had not granted like rights. *Metropolitan Railroad* v. *Quincy Railroad*, 12 Allen, 262, 269, 270.

But, as was said by Chief Justice Shaw, in the leading case of *Commonwealth* v. *Temple*, 14 Gray, 69, 76, " the accommodation of travellers, of all who have occasion to use them, at certain rates of fare, is the leading object and public benefit, for which these special modes of using the highway are granted, and not the profit of the proprietors." *Richardson* v. *Sibley*, 11 Allen, 65, 67, *S. P.* The Legislature, having reserved the power to alter, amend and repeal this charter, might lawfully, whenever it deemed necessary for the better accommodation of the public, authorize another corporation to lay a similar track through the same streets, or to use the track of the first corporation, making compensation to that company for the use and wear of its.tracks, without making it any compensation for the diminution of its profits or of the value of its franchise. Rev. Sts. *c.* 44, § 23.   Sts. 1853, *c.* 353, § 1; 1859, *c.* 9, § 2.   Gen. Sts. *c.* 68, § 41.   *Commissioners of Fisheries* v. *Holyoke Water Power Co.* 104 Mass. 446 ; *S. C.* 15 Wall. 500.   *Parker* v. *Metropolitan Railroad*, 109 Mass. 506.

By the act incorporating the respondent corporation, it was authorized " to build, maintain and operate a street railway in the city of Boston, between Grove Hall and the line of Temple Place Street," over Warren Street, parts of Washington and Tremont Streets, Eliot Street and Temple Place Street (over which the tracks of the Metropolitan Railroad Company had been already laid according to its charter) and other streets ; and to " enter

upon and use with its own motive power the tracks of any street
railway, laid in the streets through which the tracks of said cor-
poration may be located, or any part thereof; " and it was pro-
vided that " in granting a location the board of aldermen may, if
the interests of public travel demand, require said corporation
to lay one or more additional tracks in any street now occupied
by the track of any other street railway, and may restrict said
corporation to the use of such additional track." St. 1872, *c.*
212.

The board of aldermen ordered the tracks of the respondent to
be located over the streets above named, and other streets men-
tioned in its charter, and by the same order provided as follows :
" Said company shall have the right to make suitable connections,
switches, curves and turnouts, to unite the tracks, hereby located,
into a continuous line of railway from Grove Hall to Temple
Place. And whereas the interests of public travel require that
the said Highland Street Railway Company shall not lay addi-
tional tracks in any street where tracks are now located and con-
structed, except so far as may be necessary to fill the above loca-
tion, this location is on the express condition that any tracks,
already laid in the streets or portions of the streets above men-
tioned, shall be deemed tracks within the above location, for the
use of the Highland Street Railway Company, to be enjoyed
under the provisions, as to compensation to the corporation own-
ing the same, provided by law."

By virtue of the respondent's charter, and of this order of the
board of aldermen, the tracks of the Metropolitan Railroad Com-
pany in these streets were within the limits of the franchise
granted to each corporation; and the respondent, so far as the
franchise of running cars over these streets was concerned, had
as much right as the petitioner, and, while it was bound to com-
pensate the petitioner for the use and wear of its tracks, was not
bound to make it any compensation for thereby interfering with
its franchise or profits.

In the case of *Metropolitan Railroad* v. *Quincy Railroad*, 12
Allen, 262, no part of the Metropolitan Railroad was within
the franchise limits of the Quincy Railroad Company, and it was
upon that ground that it was held by the commissioners and by
the court that the first corporation had a peculiar franchise and

right in its own tracks, for which it was entitled to compensation from the second corporation.

The law that must govern this case is so well settled by our own decisions, that it is hardly necessary to refer to the authorities elsewhere, cited for the petitioner. But it may be observed that in *Jersey City & Bergen Railroad* v. *Jersey City & Hoboken Horse Railroad*, 5 C. E. Green, 61, no compensation whatever was made for the use of the tracks of the first corporation, and the court had no occasion to consider the measure and limits of such compensation ; and that in Dillon on Municipal Corporations (2d ed.) § 578, it is said that " a legislative grant of authority to construct a street railway is not exclusive, unless so declared in terms, and therefore the Legislature may, at will, and without compensation to the first company, authorize a second one on the same streets or line, unless it has disabled itself by making the first grant irrepealable and exclusive."

The question which we have considered is the only question of law involved in the award of the commissioners and the exceptions thereto. In other respects, the principles stated by the commissioners as to the modes of apportioning expenses and estimating compensation between the two corporations are simply practical rules, within the discretion intrusted to them by statute, and not open to exception. *Metropolitan Railroad* v. *Quincy Railroad*, 12 Allen, 262, 271. St. 1871, *c.* 381, §§ 38, 39.

*Award accepted.*