JOHN W. THORNTON *vs.* MARGINAL FREIGHT RAILWAY COM-
PANY & another. '

Suffolk.    March 23. — June 29, 1877.    LORD & SOULE, JJ., absent.

A charter of a corporation, granted subsequently to § 41 of the Gen. Sts. c. 68, may,
under the power reserved in that section, be repealed by the Legislature.

Under the Gen. Sts. c. 68, §§ 36, 37, continuing every corporation whose charter has
been annulled, for the term of three years afterwards, for the purpose of prosecut-
ing and defending suits by or against it, and of enabling it gradually to settle and
close its concerns, to dispose of and convey its property, and to divide its capital
stock, and giving this court power to appoint a receiver, at any time within said
three years, to do all acts which might have been done by the corporation if in
being, necessary for the final settlement of its unfinished business, a judgment re-
covered against a corporation after the expiration of three years from the repeal of
its charter, no receiver having been appointed, is void.

This court has no jurisdiction in equity of a bill by a creditor against a corporation
to apply, to the payment of a judgment, property of the debtor in the hands of a
third party, if the judgment was invalid at the time it was recovered, and the cor-
poration had ceased to exist.

By the St. of 1872, c. 342, the charter of the Marginal Freight Railway Company
was repealed, and the Union Freight Railroad Company was incorporated, with
power to take the tracks of the former company, making compensation therefor in
a manner provided.    The St. of 1876, c. 229, authorized certain railroad corpora-
tions to hold stock in the Union Freight Railroad Company, and provided that
nothing in the act contained should be construed as affecting the legal rights of the
Marginal Freight Railway Company.    *Held*, that this act could not be construed
as a legislative recognition that the last named company had, at the time of the
passage of the act, an existence or any legal rights.

BILL IN EQUITY, filed February 2, 1877, against the Marginal
Freight Railway Company and the Union Freight Railroad Com-
pany, alleging that the plaintiff, at July term 1875 of the Supe-
rior Court for the county of Suffolk, recovered judgment against
the Marginal Freight Railway Company, for money due from
it to him before May 6, 1872, upon which judgment execution
was duly issued, and remained unsatisfied; that the charter of
the Marginal Freight Railway Company was repealed or at-
tempted to be repealed, by the St. of 1872, c. 342, passed May
6, 1872, at which time it owned certain railroad tracks in the
streets of Boston; that the Union Freight Railroad Company
was incorporated by the same statute, and by virtue thereof took
these tracks; that the Marginal Freight Railway Company, be-
ing dissatisfied with the estimate duly made of its damages by

reason of such taking, filed a petition to the Superior Court for a jury to estimate such damages, which application was still pending; that the interest of the Marginal Freight Railway Company in its claim for damages could not be come at to be attached or taken on execution in an action at law against it; and that the Marginal Freight Railway Company neglected to press its application for a jury.

The prayer of the bill was that the Marginal Freight Railway Company might be ordered to prosecute, or to permit the plaintiff to prosecute, that petition to final judgment; that the Union Freight Railroad Company might be ordered to pay to the plaintiff so much of such judgment as might be recovered against it as might be necessary to satisfy the plaintiff's debt; that the defendants might be restrained from discontinuing or settling the action without first paying to the plaintiff the amount of his debt; and for further relief.

The Union Freight Railroad Company demurred, on the ground that the plaintiff's judgment against the Marginal Freight Railway Company was void, and that the bill could not be maintained against either defendant, because the charter of that corporation was repealed more than three years before the recovery of the judgment or the bringing of the bill; and for want of equity.

The Marginal Freight Railway Company filed an answer, containing a demurrer for want of equity.

Hearing before *Endicott*, J., who reserved the case, on the bill and demurrers, for the consideration of the full court.

*A. B. Wentworth*, for the Marginal Freight Railway Company.

*W. G. Russell*, for the Union Freight Railroad Company.

*P. E. Tucker*, for the plaintiff.

GRAY, C. J. The bill is framed upon the theory that the plaintiff has recovered a valid judgment against the Marginal Freight Railway Company; that that company has a claim for damages for the taking of its tracks by the Union Freight Railroad Company; and that the interest of the former company in this claim cannot be come at to be attached or taken on execution in a suit at law against it, and should therefore be applied in equity to the payment of the plaintiff's judgment debt. The

difficulties in the way of maintaining this bill appear to us to be insuperable.

The St. of 1867, c. 170, by which the Marginal Freight Railway Company was incorporated, was subject to repeal at the pleasure of the Legislature, by virtue of the power expressly reserved by the Gen. Sts. c. 68, § 41, which was a part of the contract made between the Commonwealth and the corporation by its charter. That charter was expressly and legally repealed by the St. of 1872, c. 342, which incorporated the Union Freight Railroad Company, and authorized the latter corporation to take the tracks of the former, making compensation therefor in the manner provided by the laws relating to the taking of lands by railroad companies. *Crease* v. *Babcock*, 23 Pick. 334. *Pennsylvania College Cases*, 13 Wall. 190. *State* v. *Miller*, 1 Vroom, 368, and 2 Vroom, 521. *Metropolitan Railroad* v. *Highland Railway*, 118 Mass. 290.

Upon the absolute repeal of a charter by the Legislature, acting within the limits of its constitutional authority, the corporation ceases to exist, and no judgment can afterwards be rendered against it in an action at law. But such repeal does not impair the obligation of contracts made by the corporation with other parties during its existence, or prevent its creditors or stockholders from asserting their rights against its property in a court of chancery, in accordance with the reasonable regulations of the Legislature, or with the general principles and practice in equity *Foster* v. *Essex Bank*, 16 Mass. 245. *Read* v. *Frankfort Bank*, 23 Maine, 318. *Merrill* v. *Suffolk Bank*, 31 Maine, 57. *Mumma* v. *Potomac Co.* 8 Pet. 281. *Curran* v. *Arkansas*, 15 How. 304. *Bacon* v. *Robertson*, 18 How. 480. *Lum* v. *Robertson*, 6 Wall. 277.

Upon the repeal of the charter of the Marginal Freight Railway Company by the St. of 1872, c. 342, which was passed and took effect on May 6, 1872, the corporation was nevertheless, by virtue of the Gen. Sts. c. 68, § 36, continued a body corporate for the term of three years afterwards, for the purpose of prosecuting and defending suits by or against it, and of enabling it gradually to settle and close its concerns, to dispose of and convey its property, and to divide its capital stock. And, under § 37 of the same chapter, this court, sitting in equity, on the applica-

tion of a creditor or stockholder, at any time within the three years might have appointed receivers, whose powers should continue as long as the court should deem necessary, to take charge of the estate and effects of the corporation, to collect the debts and property due and belonging to it, to prosecute and defend suits, in its name or otherwise, and to do all other acts which might be done by the corporation, if in being, necessary for the final settlement of its unfinished business.

No application having been made for the appointment of a receiver, the Marginal Freight Railway Company, at the expiration of the three years, ceased to have any such existence that a valid judgment could be rendered against it in an action at law. We cannot regard the provision of the St. of 1876, *c.* 229, § 3, that "nothing in this act contained shall be construed as affecting the legal rights of" that corporation, (which is not otherwise mentioned in the act,) as a legislative recognition that it had, at the time of the passage of this statute, any rights or any existence. The judgment recovered by the plaintiff against the Marginal Freight Railway Company in July, 1875, was therefore wholly void, as if it had been rendered against a dead person.

This bill cannot be maintained under that clause of the Gen. Sts. *c.* 113, § 2, which confers upon this court jurisdiction of "bills by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within this state, which cannot be come at to be attached or taken on execution in a suit at law against such debtor;" because that clause extends only to living debtors and existing corporations. And a court of equity has no general jurisdiction of a bill by a single creditor, who has not recovered a valid judgment against his debtor, and whose debtor has ceased to exist, to apply, to the payment of his debt, property of the debtor in the hands of a third party.

Although one passage near the end of the opinion in *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, taken by itself, might seem to be inconsistent with this view, it is to be observed that that case, as well as the earlier one of *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353, was submitted to the court upon an agreed statement of facts, waiving all questions of form, and was decided

upon the ground that the corporation did not appear to have been dissolved.

The reasons above stated being conclusive against the right to maintain this bill, the demurrer of the Union Freight Railroad Company must be sustained, and the          *Bill dismissed.*