CAMBRIDGE RAILROAD COMPANY *vs.* CHARLES RIVER STREET RAILWAY COMPANY.

Suffolk.   Jan. 15. — June 22, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

The board of railroad commissioners, in determining, under the Pub. Sts. c. 113, §§ 50, 51, the rate of compensation to be paid by one street railway company for the use of the tracks of another company, adopted, as an element, the interest on the cost of construction of the latter company's railroad, and included in the cost of such construction a sum which the latter company paid to a bridge corporation, over whose bridge its tracks were laid, "in full compensation or toll" for the right of using the bridge. The bridge was made a free bridge before the tracks upon it were used by the company required to make compensation. *Held*, that, whether the sum paid to the bridge corporation could legally be regarded as part of the cost of construction of the road or not, the company required to make compensation showed no ground of objection to the acceptance of the award.

PETITION to the board of railroad commissioners, under the Pub. Sts. *c.* 113, §§ 48–52, to determine the compensation to be paid by the respondent for the use of a portion of the petitioner's tracks, since July 4, 1882.

On this petition a hearing was had and an award made, which was returned to this court. The only part of the award which need now be stated was as follows :

" The St. of 1853, *c.* 383, incorporating the Cambridge Railroad Company, provided that it should pay to the Hancock Free Bridge Corporation, incorporated by the St. of 1846, *c.* 146, such compensation or tolls for the use of the roads, estates, and bridges as might be mutually agreed upon or fixed by an award of commissioners appointed by the Supreme Court. Commissioners were appointed, and on October 16, 1855, made an award by which the Cambridge Railroad Company was directed to pay $33,000 in six per cent bonds to the Hancock Free Bridge Corporation, ' which is to be in full compensation or toll for the right of using the roads, estates, and bridges of the Hancock Free Bridge Corporation by said railroad company, or by any person or corporation who may lawfully use said railroad, agreeably to the provisions of the said act incorporating said company, and the acts in addition thereto, or any act creating the Union Railway Company.' The award was accepted, and the amount was paid as directed.

" The petitioner contended that this amount was part of the cost of construction of its road, and that, in estimating the interest on the cost of construction, the appropriate share of this amount should be computed in calculating the proper charge to the respondent for use of the tracks. The respondent denied that any such charge or calculation is proper or lawful.

" The board adopted the view of the petitioner, and have awarded compensation accordingly. They have added a statement of the amount which was allowed on account of this view of the law, and of the amount which would have been awarded if the petitioner's claim had been rejected.

" The parties agree that the award shall include charges for all the use of the petitioner's tracks up to and including June 30, 1884, and the commissioners award that the Charles River Street Railway Company shall pay to the Cambridge Railroad

Company in full for entry upon and use of its tracks from July 4, 1882, to June 30, 1884, inclusive, the sum of seven thousand one hundred ·and ninety-four dollars and eighty-one cents. On or before August 10, 1884, and the tenth day of each succeeding calendar month, the Charles River Street Railway Company shall pay to the Cambridge Railroad Company two cents and six mills per mile run by each of its cars upon the tracks of the Cambridge Railroad Company during the calendar month preceding that in which payment is made, in full compensation for use during such previous month.

"If the amount paid to the Hancock Free Bridge Corporation by the petitioner had been excluded from consideration, the sum awarded for past use would have been six· thousand nine hundred and fifteen dollars and thirty-two cents, and the rate awarded would have been two cents four mills and ninety-nine hundredths of a mill."

The respondent filed in this court an objection to the acceptance of the award, on the ground that "said commissioners erred, as matter of law, in including in the cost of construction of the petitioner's road any share of the $33,000 paid to the Hancock Free Bridge Corporation as stated in said award."

The case was heard before *Colburn*, J., who reserved it for the consideration of the full court.

*T. W. Clarke*, for the petitioner.

*R. M. Morse, Jr.*, (*E. B. Hale* with him,) for the respondent.

MORTON, C. J.   The statutes which authorize one street railway company to use the tracks of another provide that the manner and conditions of such use, and the compensation to be paid therefor, shall, if the companies cannot agree, be determined by the board of railroad commissioners. Pub. Sts. *c.* 113, §§ 48–55.

The rate of compensation to be paid is submitted, in the broadest terms, to the determination of the commissioners. It is left entirely to their discretion to decide what compensation is, under all the circumstances of the case, just and equitable between the companies. *Metropolitan Railroad* v. *Quincy Railroad*, 12 Allen, 262. *Metropolitan Railroad* v. *Highland Railway*, 118 Mass. 290.

In the case before us, the commissioners adopted, as one of the elements to be considered in determining the compensation

to be paid by the respondent, the interest on the cost of constructing the petitioner's road, and included in the cost of construction the sum of $33,000, for which the petitioner had given its bonds to the Hancock Free Bridge Corporation.

The act incorporating the petitioner provided that it might construct its road over the bridge of the Hancock Free Bridge Corporation; and that it should pay such compensation as might be determined, if the parties failed to agree, by a board of commissioners to be appointed by this court. St. of 1853, *c.* 383. Commissioners were appointed, and, under their award, the petitioner paid to the bridge corporation the said sum in its six .per cent bonds. Before the respondent used the tracks of the petitioner, the bridge became a free bridge.

The respondent contends that the sum paid by the petitioner was a payment in gross of the tolls for which the petitioner was chargeable while the bridge continued a toll bridge, and could not be regarded as a part of the cost of construction. If the statute had adopted the cost of construction as a fixed standard to guide the judgment of the commissioners, this question might be one of some difficulty. The meaning of the statute might depend upon the connection in which the words are used. But the statute has not adopted such a standard. The commissioners deemed it just and equitable that, in determining the compensation to be paid by the respondent for the use of the petitioner's track, they should have regard to the cost of constructing the road, and should include in this cost the said sum of $33,000. They adopted this as a practical rule to aid their judgment. This was within the discretion entrusted to them by the statute. The question whether any other rule would have been more just and equitable was to be decided by the commissioners, and not by this court. There is nothing to show that the mode which they adopted of estimating the compensation was unreasonable, or that they exceeded the authority and discretion given them by the statute. *Award accepted.*