BOSTON TOW BOAT COMPANY *vs.* MEDFORD NATIONAL BANK & another.

Suffolk.    October 19, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Corporation,* Dissolution. *Equity Pleading and Practice,* Amendment, Decree.

A corporation dissolved by St. 1913, c. 277, was by a provision in § 1 of that statute made subject to St. 1903, c. 437, § 52, which provides that a corporation, after dissolution, shall "be continued as a body corporate for three years after the time when it would have been so dissolved, for the purpose of prosecuting and defending suits by and against it." The three years after dissolution expired on March 12, 1916. In a suit in equity brought during those three years and

pending at their expiration, it was *held* that the bill, unless amended, must be dismissed, because no decree could be entered either for or against the non-existent corporation.

In the suit described above the plaintiff asked leave to show that the claim sued upon had been assigned by the plaintiff before its dissolution by St. 1913, c. 277, and therefore asked to amend the bill to bring the suit in the name of the assignee under the provision of § 3 of that statute, but the essential facts in regard to the alleged assignment were not admitted, and it was *ordered,* that the reservation for this court be discharged, and that, unless further proceedings to amend the bill should be presented before a single justice before a day named, a decree should be entered dismissing the bill, regardless of the merits, because of the non-existence of the plaintiff.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 7, 1915, by the Boston Tow Boat Company, alleged to be a corporation established under the laws of this Commonwealth and having a usual place of business in Boston, against the Medford National Bank and the Medford Trust Company, corporations, praying that both defendants be ordered to pay to the plaintiff the sum of $6,000 with interest and the amount of necessary expenses by reason of certain transactions described in the bill.

The case came on to be heard before *Crosby,* J., who made certain findings of fact, and, being of opinion that the case presented no disputed issue of fact, reserved it upon the pleadings and the evidence, the whole of which was reported, for determination by the full court.

St. 1913, c. 277, is as follows:

"Section 1. Such of the following named corporations as are not already legally dissolved are hereby dissolved, subject to the provisions of sections fifty-two and fifty-three of chapter four hundred and thirty-seven of the acts of the year nineteen hundred and three:

[Here follow the names of many corporations, including that of the Boston Tow Boat Company.]

"Section 2. Nothing in this act shall be construed to affect any suit now pending by or against any corporation mentioned in the first section hereof, nor of any suit now pending or hereafter brought for any liability now existing against the stockholders or officers of any such corporation, nor to revive any charter previously annulled or corporation previously dissolved, nor to make valid any defective organization of any of the supposed corporations mentioned in said first section.

"Section 3. Suits upon choses in actions arising out of contracts sold or assigned by any corporation dissolved by this act may be brought or prosecuted in the name of the purchaser or assignee. The fact of sale or assignment and of purchase by the plaintiff shall be set forth in the writ or other process; and the defendant may avail himself of any matter of defence of which he might have availed himself in a suit upon the claim by such corporation, had it not been dissolved by this act.

"Section 4. This act shall take effect upon its passage.

"Approved March 12, 1913."

*T. Hunt,* for the plaintiff.

*J. E. McConnell,* for the defendants.

RUGG, C. J. This is a suit in equity brought on April 7, 1915, to recover an obligation claimed to be due from the defendants to the plaintiff. The Boston Tow Boat Company, named as plaintiff, was a Massachusetts corporation. It was dissolved by St. 1913, c. 277. Section 2 of that statute provides for the continuance of certain suits to which the corporation was a party, but does not include the class to which the present suit belongs. It is provided by St. 1903, c. 437, § 52, subject to the terms of which the Boston Tow Boat Company was dissolved, that it shall "be continued as a body corporate for three years after the time when it would be so dissolved, for the purpose of prosecuting and defending suits by or against it." The statute dissolving the corporation took effect on March 12, 1913. The existence of the corporation for purposes of prosecuting or defending litigation under the last cited section therefore came to an end on March 12, 1916, being three years from the date of the dissolution of the corporation for general purposes. The corporation having thus ceased to exist even for purposes of litigation, no decree can be entered in favor of or against it. *Thornton* v. *Marginal Freight Railway,* 123 Mass. 32. *National Bank* v. *Colby,* 21 Wall. 609, 615. *Maine Shore Line Railroad* v. *Maine Central Railroad,* 92 Maine, 476. *Bank of Mississippi* v. *Wrenn,* 3 Sm. & M. 791.

The counsel who brought the suit for the plaintiff have requested leave to show that the claim here in suit was assigned by the Boston Tow Boat Company to persons now in being before its dissolution, and to take such action by way of amendment, substitution of another plaintiff, petition for a receiver, or otherwise,

as may be necessary to effect substantial justice. But in behalf of the defendant it has been stated at the bar that the essential facts warranting such amendments or consideration thereon, if allowed, are not admitted. Manifestly a hearing involving the ascertainment of disputed facts may be necessary. The appropriate tribunal, before which to settle all controverted facts and to allow such amendments as ought to be allowed in order to accomplish substantial equity, is a single justice of this court in the county where the cause is pending. The record does not now present a case where in the exercise of a discretion disposed toward the speedy and just ending of suits the powers conferred by St. 1913, c. 716, ought to be exercised.

The reservation is discharged. If no petition for amendment of the bill or for further proceeding in the case is presented on or before December 31, 1917, a decree is to be entered dismissing the bill, not on its merits but because of the dissolution of the corporate existence of the plaintiff. Otherwise the case is to stand for further hearing before the single justice.

*So ordered.*