WILLIAM E. BOWEN *vs.* THE DORCHESTER ICE COMPANY.

Suffolk.    February 23, 1926. — February 26, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation*, Dissolution.

An action, begun in 1917 against a Massachusetts corporation which was dissolved by Spec. St. 1916, c. 112, which took effect on February 21, 1916, must be dismissed upon the fact, that no judgment therein had been rendered, being called to the attention of the court in 1925, the period named in St. 1903, c. 437, § 52, having passed and the provisions of St. 1920, c. 165, not applying.

CONTRACT.    Writ dated July 25, 1917.

In the Superior Court, the action was referred to an auditor on June 13, 1918.    The auditor's report was filed on May 12, 1922.    On July 1, 1925, the action was reported by *Lawton*, J., to this court for determination, the parties agreeing: "(1) That each party waives trial by jury.    (2) That the auditor's findings of fact be final and his report treated as findings of the court without jury reserving questions of law for the determination of the Supreme Judicial Court.    (3) That such questions of law and the questions raised by the defendant's dissolution be reported to said court. . . . that the dissolution of said corporation, with its resultant effects, is to be the primary question presented for decision to the Supreme Judicial Court."

The case was submitted on briefs.

*F. Juggins & M. M. McChesney*, for the plaintiff.

*L. B. King*, for the defendant.

BY THE COURT.    This action at law against a Massachusetts corporation was commenced on July 25, 1917. The defendant was dissolved by Spec. St. 1916, c. 112, which took effect on February 21, 1916.    That act contained no provision extending an action like the present.    It is provided by St. 1903, c. 437, § 52, subject to the terms of which the defendant was dissolved, that it shall "be continued as

a body corporate for three years after the time when it would have been so dissolved, for the purpose of prosecuting and defending suits by or against it." That period expired on February 21, 1919. The defendant came to an end on that date. *Boston Tow Boat Co.* v. *Medford National Bank,* 228 Mass. 484, 486.

A proviso was added to said § 52 by St. 1920, c. 165, to the effect that "the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after final judgment in the suit." That act was prospective only in operation. It did not apply to the case at bar. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, 4.

> *Action dismissed, not on the merits, but because of dissolution of corporate existence of defendant.*