WILLIAM E. BOWEN *vs.* HERBERT G. FAIRFIELD & others.

Suffolk.    April 4, 7, 1927. — May 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Amendment.  *Corporation,* Dissolution, Stockholder's liability.

In the absence of a statutory provision to that effect, a stockholder is not liable to pay the debts of a corporation.

G. L. c. 231, § 138, which provides that the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action, is not applicable where it plainly appears from the record as matter of law that the cause of action set forth in an amendment from an action at law into a suit in equity is to enable the plaintiff to maintain the bill against different defendants and for a new cause not intended when the original writ was sued out.

A judge of the Superior Court has no power, after rescript from this court ordering judgment for the defendant in an action of contract against a corporation for a debt alleged to be due from the corporation on the ground that the defendant had been dissolved, to allow an amendment changing the action at law into a bill in equity against an individual, who "was the sole stockholder in said corporation, holding the sole interest in the same, and entitled to all the rights of said corporation," and against certain insurance companies who were insurers of the corporation and were alleged to owe the corporation sums due under certain insurance policies, the bill seeking to have the plaintiff's claim established and to reach and apply to the satisfaction of the alleged debt the interest of the corporation and of the individual defendant in the proceeds of the insurance.

CONTRACT.  Writ, originally against The Dorchester Ice Company, dated July 25, 1917.

The action previously was before this court when, in a decision reported 255 Mass. 159, a rescript issued ordering the action dismissed.  Thereafter the motion to amend into a bill in equity described in the opinion was filed.  The de-

fendants named in the bill were Herbert G. Fairfield and twelve insurance companies. The only allegation as to the insurance companies was that, before the bringing of the action, the property of the ice company had been destroyed by fire and that the adjustments of insurance due under policies of the insurance companies had not been made. The allegation as to the defendant Fairfield was: "At the time of the dissolution of said corporation and for a long time prior thereto, the plaintiff is informed and believes and therefore avers, the defendant Herbert G. Fairfield was the sole stockholder in said corporation, holding the sole interest in the same, and entitled to all the rights of said corporation." The bill sought to enjoin payment by the insurance companies to Fairfield, to establish the plaintiff's claim, and that "The right, title and interest of the said Dorchester Ice Company and the said defendant Herbert G. Fairfield, if any, in and to the amounts due from the said defendant insurance companies be determined and reached and applied to the satisfaction of the plaintiff's claim."

The motion to amend was allowed by *McLaughlin,* J., and the action was reported to this court with the stipulation that, if the judge had no power to allow the amendment, "the order allowing said motion to amend and the process issued thereunder are to be vacated, and in the law action, judgment to be entered in accordance with the rescript of the Supreme Judicial Court filed in said action on February 26, 1926."

The case was submitted on briefs.

*F. Juggins & M. Morrill,* for the plaintiff.

*Lee M. Friedman & L. B. King,* for the defendant Fairfield.

CROSBY, J. By writ dated July 25, 1917, the plaintiff brought an action in the Superior Court against the Dorchester Ice Company, a Massachusetts corporation. The corporation was dissolved by Spec. St. 1916, c. 112, which took effect on February 21, 1916. The existence of the corporation for purposes of prosecuting or defending suits came to an end, under St. 1903, c. 437, § 52, on February 21, 1919. This court held in *Bowen* v. *Dorchester Ice Co.* 255 Mass. 159, that the action was to be dismissed, not on the merits but because of the dissolution of the corporate ex-

istence of the defendant. *Thornton* v. *Marginal Freight Railway*, 123 Mass. 32. *Boston Tow Boat Co.* v. *Medford National Bank*, 228 Mass. 484, 486. The defendant Fairfield will hereafter be referred to as the defendant.

On March 12, 1926, the plaintiff filed a motion to amend the action into a bill in equity. The motion was allowed by a judge of the Superior Court and the question before us is whether he had power to allow the motion. The action at law, as appears by the bill, was brought to recover from the ice company an indebtedness alleged to be due to the plaintiff. The case was referred to an auditor, who found that the plaintiff was entitled to recover the sum of $7,838.69. The case was then reported to this court.

G. L. c. 231, § 55, provides that the Supreme Judicial Court or the Superior Court may, before final judgment, allow an amendment changing an action at law into a suit in equity or a suit in equity into an action at law, if it is necessary to enable the plaintiff to sustain the action or suit for the cause for which it was intended to be brought. The Dorchester Ice Company is not made a party to the suit in equity. The bill substitutes as a defendant one who was not a party to the litigation in the original action. It seeks to reach and apply property of the defendant Fairfield in satisfaction of the claim of the plaintiff against the ice company. It alleges that at the time of the dissolution of the corporation and previously thereto the defendant was the sole stockholder therein. In the absence of a statutory provision to that effect a stockholder is not liable to pay the debts of a corporation. *Whiting* v. *Malden & Melrose Railroad*, 202 Mass. 298, 304.

The original action was a proceeding *in personam*. The bill is in the nature of a proceeding *in rem*. It is a bill in substance to enforce a stockholder's liability for a debt of the corporation. No claim was made in the original action that the defendant was liable for the debt which was sought to be recovered against the corporation. It sets forth a new cause of action which was not in existence when the action was brought in 1917. In these circumstances the judge had no power to allow the amendment. *Silver* v. *Jordan*, 139

Mass. 280. *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. *Boston Tow Boat Co.* v. *Medford National Bank,* 228 Mass. 484. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6.

G. L. c. 231, § 138, which provides that the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action, is not unlimited in its scope; it is not applicable in a case like the present, where it plainly appears from the record as matter of law that the cause of action set forth in the amendment is to enable the plaintiff to maintain the bill for a new cause not intended when the writ was sued out. *Church* v. *Boylston & Woodbury Cafe Co., supra. Clark* v. *New England Telephone & Telegraph Co., supra.*

In conformity with the terms of the report, the order allowing the motion is to be vacated and judgment is to be entered in accordance with the rescript of this court filed on February 26, 1926, in the case of *Bowen* v. *Dorchester Ice Co., supra.*

<div align="right">

*So ordered.*