UNION PLATE & WIRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28823. Promulgated November 5, 1929.

*William Dillon, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, and *L. H. Rushbrook, Esq.*, for the respondent.

### OPINION.

SMITH: In the original petition filed the petitioner alleged as errors:

(a) The so-called waivers obtained and on file with the Commissioner are null, void, and of no effect by reason of their having been obtained by threat, coercion, and under duress and are not a written consent between the taxpayer and the Commissioner as required by the Revenue Act.

(b) The Commissioner is barred by the statute of limitations in the Revenue Act of 1926 from assessing or collecting any further tax for the year in question.

(c) The Commissioner is in error in disallowing the deduction of Massachusetts state taxes for 1921 of six thousand five hundred forty-five dollars and fifty-five cents ($6,545.55).

At the hearing of this proceeding the petitioner was permitted to amend the petition by alleging that upon the Board's decisions in *Consolidated Companies, Inc.,* and *Iberville Wholesale Grocery Co., Ltd.,* 15 B. T. A. 645, and *J. C. Hunt,* 15 B. T. A. 1388, the Board is without jurisdiction to entertain the petition. Its contention is that under the *Hunt* decision the waivers relied upon by the respondent were invalid and of no effect having been given by an officer of the corporation after it had been legally terminated; that since the notice of deficiency was not mailed until more than four years after the return was filed the collection of the deficiency is barred by the statute of limitations. It is further contended under the *Consolidated Companies, Inc.,* decision that the Board is without jurisdiction to determine the proceeding, since the Union Plate & Wire Co., having been legally terminated more than three years prior to the date of the mailing of the deficiency notice, Wilmarth had no authority to file the petition on behalf of the dissolved corporation.

Since the jurisdiction of the Board to hear and determine the proceeding is challenged, that point must first be considered. From

the record it appears that the Union Plate & Wire Co. was a Massachusetts corporation and that on February 14, 1923, the stockholders voted to commence proceedings looking to the dissolution of the corporation.

Chapter 203 of the Acts and Resolves, passed by the Legislature of Masssachusetts during the session of 1923, provides in part as follows:

AN ACT DISSOLVING CERTAIN CORPORATIONS

Whereas, It is necessary that certain delinquent corporations be dissolved before April first in the current year, therefore this act is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience.

Be it enacted, etc., as follows:

SECTION 1. Such of the following named corporations as are not already legally dissolved are hereby dissolved, subject to the provisions of sections fifty-one and fifty-two of chapter one hundred and fifty-five of the General Laws:—

\*　　\*　　\*　　\*　　\*　　\*　　\*

Union Plate & Wire Co.

The act dissolving the petitioner was approved April 4, 1923, to take effect on March 31, 1923.

Sections 51 and 52 of chapter 155 of the General Laws of the Commonwealth of Massachusetts relating to corporations provide:

Section 51. Every corporation whose charter expires by its own limitation or is annulled by forfeiture or otherwise, or whose corporate existence for other purposes is terminated in any other manner, shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and convey its property and to divide its capital stock, but not for the purpose of continuing the business for which it was established; provided, that the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after final judgment in the suit.

Section 52. If the charter of the corporation expires or is annulled, or if the corporation is dissolved as provided in section fifty, or if its corporate existence for other purposes is terminated in any other manner, the supreme, judicial or superior court, upon application of a creditor, stockholder or member, shall have jurisdiction in equity to appoint one or more receivers to take charge of its estate and effects and to collect the debts and property due and belonging to it, with power to prosecute and defend suits in its name or otherwise, to appoint agents under them and to do all other acts which might be done by such corporation, if in being, which may be necessary for the final settlement of its unfinished business. The powers of such receivers and the existence of the corporation may be continued as long as the court finds necessary for said purposes.

The facts in the instant proceeding are substantially similar to those which obtained in *Boston Towboat Co.* v. *Medford National*

*Bank* (Supreme Judicial Court of Mass., Nov. 27, 1917), 228 Mass. 484; 117 N. E. 928. In the course of its opinion the court stated:

\* \* \* It is provided by St. 1903, c. 437, § 52, subject to the terms of which the Boston Towboat Company was dissolved, that it shall "be continued as a body corporate for three years after the time when it would have been so dissolved, for the purpose of prosecuting and defending suits by or against it." The statute dissolving the corporation took effect on March 12, 1913. The existence of the corporation for purposes of prosecuting or defending litigation under the last-cited section therefore came to an end on March 12, 1916, being three years from the date of the dissolution of the corporation for general purposes. The corporation having thus ceased to exist even for purposes of litigation, no judgment can be rendered in favor of or against it. *Thornton* v. *Marginal Freight Ry.*, 123 Mass. 32; *National Bank* v. *Colby*, 21. Wall. 609, 615, 22 L. Ed. 687; *Maine Shore Line R. R.* v. *Maine Central R. R.*, 92 Me. 476, 43 Atl. 113; *Bank of Mississippi* v. *Wrenn*, 3 Smedes & M. (Miss.) 791.

To the same effect is the decision of the same court in *Bowen* v. *Dorchester Ice Co.*, 255 Mass. 159; 150 N. E. 840, in which the court stated:

\* \* \* The defendant was dissolved by Special St. 1916, c. 112, which took effect on February 21, 1916. That act contained no provision extending an action like the present. It is provided by St. 1903, c. 437, § 52, subject to the terms of which the defendant was dissolved that it shall "be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by or against it." That period expired on February 21, 1919. The defendant came to an end on that date. *Boston Tow Boat Co.* v. *Medford National Bank*, 117 N. E. 928, 228 Mass. 484, 486.

In *National Bank* v. *Colby*, 21 Wall. 609, 615 (cited in *Boston Towboat Co.* v. *Medford National Bank, supra*), the court stated:

\* \* \* With the forfeiture of its rights, privileges, and franchises the corporation was necessarily dissolved, as the decree adjudged. Its existence as a legal entity was thereupon ended; it was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be rendered against a dead man dying *pendente lite*. This is the rule with respect to all corporations whose chartered existence has come to an end, either by lapse of time or decree of forfeiture, unless, by statute, pending suits be allowed to proceed to judgment notwithstanding such dissolution. The prolongation of the corporate life for this specific purpose as much requires special legislative enactment as does the original creation of the corporation. No such enactment is found in the act of Congress authorizing the creation of National banks and prescribing their powers, nor is there any provision elsewhere that we are aware of which would prevent the dissolution of a corporation from working the abatement of a suit pending against it at the time.

Although section 51 of chapter 155 of the General Laws of the Commonwealth of Massachusetts, above quoted, provides that the corporate existence of a corporation dissolved shall continue "for the purposes of any suit brought by or against it within said period

of three years," and " shall continue beyond said period for a further period of sixty days after final judgment in the suit," these words fairly construed do not, in our opinion, mean that the corporation is continued beyond the three-year period for the purpose of enabling it to defend a claim that may be made against it for the payment of a deficiency in income and profits tax. In *Worcester Color Co.* v. *Henry Wood's Sons Co.*, 209 Mass. 105; 95 N. E. 392, 395, it was stated:

> Section 2 of this act [St. 1907, c. 290] provided that " nothing in this act shall be construed to affect any suit now pending by or against any corporation mentioned in the first section of this act." " Suit " is used in this statute as a comprehensive word " to apply to every proceeding in a court of justice by which a person pursues that remedy which the law affords " and includes an action at law. *Kohl* v. *U. S.*, 91 U. S. 367–375, 23 L. Ed. 449. * * *

In *Consolidated Companies, Inc.*, 15 B. T. A. 645, we held that:

> All facts necessary to show jurisdiction in the Board must be pleaded and proved. Where a petition is filed in the name of the taxpayer, a corporation which has been dissolved by cancellation of its charter, and where it is not alleged and does not affirmatively appear that the person filing the petition has lawful authority to act for and in behalf of such dissolved corporation, the proceeding will be dismissed for lack of jurisdiction.

It is true that in the instant proceeding Wilmarth verified the petition filed by stating that he was authorized to verify it. He testified that he was not aware that at the time he executed the jurat that the three-year period allowed him by the statute to act for the corporation had expired; in other words, he was ignorant of the fact that the corporation was not in existence for the purpose of prosecuting the petition.

We are of opinion that his ignorance of the law of the Commonwealth of Massachusetts or of the fact that the three-year period had expired does not give life to the corporation which had been legally terminated so as to enable it to prosecute this proceeding. In *American Feature Film Co.*, 11 B. T. A. 1271, we had under consideration the case of a corporation which was dissolved by an act of the legislature on April 4, 1923. An appeal in that case was taken to this Board on May 25, 1925. We there quoted section 51, chapter 155, of the General Laws of the Commonwealth of Massachusetts, and stated, at page 1282:

> Under this section the officers of the corporation had the same authority after dissolution to act in respect of prosecuting and defending suits by or against the corporation and in settling and closing the affairs of the corporation as before. We are of the opinion also that the proceeding before this Board which was instituted by the filing of the petition May 25, 1925, may be termed a suit within the meaning of this section, and that the adjustment of tax claims against the corporation is a matter incident to closing and settling the affairs of the corporation. For those reasons, we are of opinion that acts

of Golden in respect of verifying the petition and in executing the consents on behalf of the corporation in connection with its pending tax liability for periods prior to dissolution were in all respects valid.

The facts in the instant proceeding are materially different from those which obtained in the above cited case. Here, the corporation came to an end on March 31, 1926. *Bowen* v. *Dorchester Ice Co.*, *supra.* Any act done by Wilmarth with respect to the tax liability of the dissolved corporation after that date was null and void. The petition filed in the name of the Union Plate & Wire Co. is not the petition of that corporation, for its legal existence had terminated before the petition was filed. At most it was the petition of Wilmarth, and the evidence shows that he was without authority to present it either on behalf of the dissolved corporation or on behalf of himself. An order will be entered dismissing the instant proceeding for lack of jurisdiction.

Reviewed by the Board.