ABRAM SPOONER *vs.* CHLOE C. D. GILMORE, executrix.

Plymouth.   October 16, 1883. — January 30, 1884.

In an action upon a promissory note, an answer, as follows, " the defendant denies the signature of the alleged note described in the plaintiff's declaration," does not contain such " a special denial of the genuineness " of the signature to the note, " and a demand that" it " shall be proved at the trial," as to require the plaintiff to prove the signature, under the Pub. Sts. *c.* 167, § 21.

CONTRACT upon a promissory note for $137, dated January 1, 1870, payable on demand to the order of Abram Spooner, and purporting to be signed by the defendant's testator, and to be witnessed. Writ dated May 28, 1880. The action was first brought by Alden Rounseville as plaintiff. To the declaration filed by him, the defendant answered that she was ignorant whether her testator " ever signed and executed the promissory note set forth and declared on in the plaintiff's writ and declaration, and shall require the plaintiff to prove the same." On motion, Rounseville was allowed to erase his name as plaintiff, and to substitute therefor the name of the present plaintiff. A new declaration was thereupon filed. The answer to this contained, among other things, the following: " The defendant denies each and every allegation in the plaintiff's writ and declaration, and denies the signature of the alleged note described in the plaintiff's declaration." Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff claimed the right to read the note in evidence, without proving the signature of the maker, on the ground that there was not such a special denial of the genuineness of the signature, and demand that it should be proved at the trial, as is required by the Pub. Sts. *c.* 167, § 21. But the judge ruled that the answer was sufficient to require proof of the maker's signature by the plaintiff.

The plaintiff then offered to prove the signature by a witness who was acquainted with and knew the maker's handwriting, but who was not the attesting witness. Upon the defendant's objection, the judge ruled that this could not be done, and rejected the evidence; and ruled that the plaintiff must first call the attesting witness, who was present in court.

The plaintiff, objecting, called the attesting witness, who tes-tified that the maker's signature was genuine; and, on cross-examination, stated that she signed her name as witness at the request of the plaintiff, without the knowledge or consent of the maker, several months after its date. Evidence contradicting her on this point was given by the plaintiff.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Brown*, (*J. G. Sproat* with him,) for the plaintiff.

*E. Robinson & D. T. Devoll*, for the defendant.

BY THE COURT. The answer, under which the case was tried, did not contain such a special denial of the genuineness of the signature of the note, and demand that it should be proved at the trial, as the Pub. Sts. *c.* 167, § 21, require. The ruling was wrong in this respect, and we cannot say that it became immaterial in the course of the trial.

*Exceptions sustained.*