## ELIAS HAM *vs.* THOMAS KERWIN.

Suffolk. February 2, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Signature — Special Denial — Amendment — Exceptions.*

The special denial of the genuineness of the signature to a written instrument, required by the Pub. Sts. c. 167, § 21, if imperfect, is amendable within the judicial discretion, to which no exception lies.

CONTRACT upon a promissory note purporting to be signed by the defendant. The defendant's testatrix, who was admitted to prosecute the action, filed an answer, which, after a general denial, proceeded as follows: "And further answering, defendant denies the genuineness of the signature to the note declared on, and says that if any such note was made, and she denies that any such note was made by the testator during his lifetime, the same has been paid in full."

At the trial in the Superior Court, *Blodgett,* J., ruled that the answer was not sufficient, under the Pub. Sts. c. 167, § 21, to require the plaintiff to prove the genuineness of the signature, and the defendant thereupon moved to amend the answer so that it should read, the defendant "denies the genuineness of the signature thereof, and demands that it shall be proved at the trial." The plaintiff asked the judge to rule, as matter of law, that the amendment could not be allowed; but the judge declined so to rule, and allowed the amendment.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Wiggin & B. M. Fernald*, for the plaintiff.

*P. B. Kiernan*, for the defendant.

MORTON, C. J. Our statutes of amendments are very broad in their spirit and scope, allowing amendments at any time before judgment in a civil suit, in any matter either of form or substance, in any process, pleading, or proceeding in the suit which may enable the plaintiff to sustain the action or the defendant to make a legal defence. Pub. Sts. c. 167, §§ 41–44.

The special denial of the genuineness of the signature to a written instrument declared on, required by the Pub. Sts. c. 167, § 21, if not in strictness a part of the pleadings, is an important proceeding in the case. It is to be filed " within the time allowed for an answer," which by leave of court may be at any time before trial. It falls within the letter and the spirit of the statute, and if the special denial is imperfect we can have no doubt that it is within the power of the court to allow an amendment to the same extent that it might allow an amendment to an answer, and upon such terms as it deems reasonable. Such an amendment is within the discretion of the court, and no exception lies to the exercise of this discretion.

*Exceptions overruled.*