## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

IS%AEL CABANA *vs.* HOLYOKE CONCLAVE, No. 20, ANCIENT
ORDER OF FORESTERS OF AMERICA.

Hampden.   September 28, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Corporation — Proof of Incorporation — Special Demand for such Proof —
Pleading.*

If the defendant, in an action brought in a police court, the rules of which do not
require an answer in writing, is described in the writ as a corporation, the plain-
tiff is not bound to prove the defendant's incorporation at the trial, on appeal,
in the Superior Court, the special demand for proof of such fact, under Pub.
Sts. c. 167, §§ 87, 89, having been made by the defendant for the first time after
the entry of the appeal in that court.

CONTRACT.   The writ, issued from the Police Court of
Holyoke, described the defendant as a corporation.

At the trial in the Superior Court, on appeal, before *Dewey*, J.,
it appeared that no written pleadings were required in the Police
Court of Holyoke except declarations, and such as the statutes
make obligatory, and in this case the defendant filed no written
answer of any kind in the police court.   There was no issue
raised in that court as to the defendant's not being a corporation.
On the fifth day after the entry of the case in the Superior Court,
the defendant answered by a general denial, and also denied that

it was a corporation as alleged, and made special demand for proof of such fact.  At the trial, the plaintiff contended that it was not obligatory on him to prove the defendant's incorporation, because the special demand for proof of that fact had not been seasonably filed, and should have been filed in the police court. The defendant contended that such proof was necessary; that the special demand for proof of the defendant's incorporation had been seasonably filed; and that it was unnecessary to file it in the police court.  The judge ruled that the plaintiff was not bound to prove the defendant's incorporation, as no special demand for proof of that fact had been seasonably filed.  The jury returned a verdict for the plaintiff; and, at the request of the defendant, the judge reported the case for the determination of this court.  If the ruling was correct, the verdict was to stand; otherwise, the verdict was to be set aside and a new trial granted.

*A. L. Green*, for the defendant.

*W. H. Brooks*, for the plaintiff.

ALLEN, J.   The writ described the defendant as a corporation. By Pub. Sts. c. 167, § 87, when a party is sued as a corporation, such fact shall be taken as admitted unless the defendant files in court, within ten days from the time allowed for answer, a special demand for proof thereof.  By § 89, this provision is made applicable to civil actions before police courts.  The rules of the Police Court of Holyoke did not require an answer in writing, but the oral pleading was a joinder of issue, and stood in the place of an answer.  *Wilbur* v. *Taber*, 9 Gray, 361.  The statute clearly implies that the special demand for proof should precede the trial; otherwise it would be useless.  By going to trial without filing such demand, or asking delay after joining issue for the purpose of filing it, the defendant waived the right to take this objection.  The Legislature no doubt intended to make an effective requirement that a defendant wishing to rely on such a misdescription should give early notice thereof to the plaintiff. Otherwise the defendant might lie by in the police court, and go to trial upon the substantial merits of the case, and omit all intimation of this objection till after the entry of an appeal in the Superior Court.  That is just what the defendant did in this case.  The ruling that the plaintiff was not bound to prove the defendant's incorporation was right.

*Verdict to stand.*