JOSEPH KIRSCHNER, Respondent, *v.* EDWARD M. MILLARD, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1916.)

Pleading — denial — answer — allegations of complaint — negotiable instruments — evidence — Municipal Court Code, § 92.

Where in a Municipal Court action upon a check drawn by defendant and delivered to plaintiff a specific denial of the genuineness of defendant's signature and a demand that it be proved are not filed with the clerk of the court as required by section 92 of the Municipal Court Code, or included in the answer as permitted by said section, the admission in evidence of the check without proof that the signature thereto was that

of the defendant, who offered no testimony, authorizes a judgment for plaintiff.

A denial in the answer of the allegations of the complaint as to the drawing of the check and the check itself was insufficient under said section 92 of the Municipal Court Code in the absence of a demand for proof of the genuineness of the signature.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, second district, rendered in favor of the plaintiff, by the court without a jury.

Aron L. Squires, for appellant.

No appearance for respondent.

CLARK, J.  The action is based upon a bank check, in the usual form, signed " Edward M. Millard." The complaint alleges that the defendant for a valuable consideration drew and delivered a check to the plaintiff.  The answer " denies the allegations contained in paragraph I of the complaint," which sets up the drawing of the check and the check itself.

Section 92 of the Municipal Court Code reads: "A signature to a written instrument which is pleaded shall be taken as admitted unless the party sought to be charged thereby files with the clerk, within eight days after joinder of issue, a specific denial of the genuineness of the signature and a demand that it be proved.  Such denial and demand by a defendant may be included in his answer."  This provision is new and is substantially identical with a similar provision in the Revised Laws of Massachusetts.  In *Spooner v. Gilmore*, 136 Mass. 248, it was held that there must be both the proper denial and the demand and that the denial without the demand is not sufficient.

At the trial the check was admitted in evidence

without proof that the signature was the signature of the defendant; the court holding that section 92, above quoted, was not complied with by the defendant.

The defendant introduced no testimony and the plaintiff had judgment. Counsel for the appellant claims that the defendant complied with the statute. He insists that his answer contains a specific denial of the genuineness of the signature. Although this claim is not strictly accurate, inasmuch as a sufficient denial would naturally follow the language of the statute, yet, even if the denial be deemed sufficient, there is entire absence of any demand that the signature be proved. Such demand might have been made by a separate instrument, filed with the clerk, as required by section 92, or, as permitted by that section, could have been included in the answer. Nevertheless, nowhere in the record does it appear that any demand was made.

The section in question seems to be salutary and desirable. Where a signature is to be attacked, it is not unreasonable to require the announcement of that purpose in advance, in order that the party who sets up the written instrument may come prepared to prove its genuineness. The defendant herein omitted to present the issue in the manner required by the Municipal Court Code. The check having been admitted in evidence raises the presumption that it was issued for value and, this presumption not having been rebutted, the plaintiff made out his case.

JAYCOX and BENEDICT, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.