CHARLES GRAY vs. DOROTHY L. KINNEAR.
AUGUSTA S. GRAY vs. SAME.

Plymouth.    March 5, 6, 1934. — February 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Law of the Road. Negligence,* In use of way, Motor vehicle. *Practice, Civil,* Charge to jury, Exceptions.

At the trial of an action for personal injuries sustained in a collision between an automobile operated by the defendant and another automobile at the intersection of two ways, it appeared that the defendant's automobile was to the right of the other and there was evidence that the two automobiles entered the intersection at approximately the same instant and that the speed of the defendant's automobile as it entered the intersection was excessive. The trial judge read G. L. (Ter. Ed.) c. 89, § 8, to the jury, instructed them that there were qualifications of the statute and further instructed them, as an "illustration" of such qualifications, in substance that an automobile travelling at an unreasonable rate of speed would not have the right of way as against an automobile travelling at a reasonable speed even though the speeding automobile was on the right of the other automobile and both entered the intersection at the same moment. There was a verdict for the plaintiff. Upon an exception by the defendant to such instructions, it was *held,* that

(1) The instructions were not defensible as being merely an illustration of a possible, but not existing, state of facts;

(2) The instructions were erroneous in that they placed upon the rights and duties prescribed by § 8 a qualification based on the speed at which the automobiles entered the intersection;

(3) The error in the instructions was prejudicial to the defendant, and required that his exception be sustained, because the jury, even though they should find that the excessive speed of the defendant's automobile as it entered the intersection was not a proximate cause of the collision, were permitted by the instructions to find that the defendant drove his automobile across the intersection in front of the other automobile at a time when he did not have the right of way and that thereby he was guilty of negligence causing the collision.

Two ACTIONS OF TORT. Writs dated September 25, 1931. The actions were tried together in the Superior Court before *F. T. Hammond,* J. Material evidence, undisputed facts and portions of the charge to the jury are stated in the opinion. There were verdicts for the plaintiffs in the

sums, respectively, of $800 and $5,000.  The defendant alleged an exception in each action.

*G. A. Murphy,* for the defendant.

*E. G. Townes,* (*A. Kupka* with him,) for the plaintiffs.

PIERCE, J.  These two cases were tried together.  The consolidated records of them come before this court upon an exception duly saved by the defendant in each case to the portion of the charge to the jury hereinafter quoted, by which the defendant claims to be aggrieved.

The actions are in tort to recover damages for injuries alleged to have been sustained by the plaintiffs through the negligence of the defendant in the operation of an automobile on the afternoon of August 8, 1931.  The jury returned a verdict for the plaintiff in each action.

It was not in dispute that the automobile of the defendant was in collision with the automobile which the plaintiff Charles Gray was driving in the intersection of West Bartlett Street and Fuller Street in the city of Brockton; that the automobile of the defendant prior to the accident was travelling in a northerly direction on Fuller Street; that the automobile which the plaintiff Charles Gray was driving, and in which the plaintiff Augusta S. Gray was riding as a passenger, was travelling in an easterly direction on West Bartlett Street, and prior to the accident was approaching Fuller Street from the defendant's left; and that its right front was in contact with the defendant's automobile.  The evidence was conflicting as to whether it was the front left or the rear left side of the defendant's automobile which was in contact with the plaintiffs' automobile, and as to the speed of the two automobiles prior to and at the moment of the accident.

There was evidence which warranted the inference that the defendant arrived at the intersection while the plaintiffs were still some distance back from the intersection; there was also evidence to warrant the inference that the plaintiffs arrived at the intersection while the defendant was some distance back from the intersection; and there was evidence which warranted an inference that both automobiles arrived at the intersection at approximately the

same instant. There was further evidence, shown by the charge and not disputed by the defendant, that the grade of Fuller Street from south to north was uphill; and that in the southwest corner of the intersection there were bushes which obstructed the view of a driver approaching the intersection on Fuller Street. The charge further disclosed that the evidence warranted a finding that the rate of speed of the defendant's automobile as it entered the intersection was excessive, in that the view of the operator was obstructed, and that the speed was not slowed down to less than fifteen miles an hour.

On the evidence and undisputed facts the judge charged the jury. He read G. L. (Ter. Ed.) c. 89, § 8, in part, and explained with particularity certain differences or variations between the existing statute and that which preceded it. He further said: "I have already spoken to you about the right of way statute. There are some qualifications to that right of way statute which are not written into the statute but which are, nevertheless, qualifications, and an illustration of them would be something like this: suppose a person is coming down a street and approaching an intersection, and he is going very carefully, driving very slowly, and reaches the intersection just as another man coming on the other road at right angles to him reaches it, who is driving at sixty miles an hour through a village street, we will say, where there are cars parked on both sides, which is obviously a dangerous thing to do; in other words, they both come to the intersection and enter it at the same time, one man driving carefully and at a reasonable rate of speed, and the other one going at an entirely unreasonable rate of speed, but the man who is going at the unreasonable rate of speed is coming in from the right hand of the man who is proceeding carefully. Would the statute give the right of way to the man who was violating the law, assuming that he was, as to safety, when coming into this intersection at a rate of speed which was entirely too fast? It certainly would not. It would be a singular state of things that a man could steal the right of way from another by speeding his engine up and approaching

the intersection and getting there at a tremendous rate of speed, which was entirely out of reason. In other words, this question of the right of way has to be taken into consideration with other incidents, with other circumstances, bearing on the question of whether a person is driving carefully or not."

It is plain that the portion of the charge set out is not defensible as being merely an illustration of a possible, but not existing, state of facts. G. L. (Ter. Ed.) c. 89, § 8, reads: "Every driver of a motor or other vehicle approaching an intersection of any ways . . . shall grant the right of way to a vehicle which has already entered such intersection, and every driver of a vehicle entering such an intersection shall grant the right of way to a vehicle so entering from his right at approximately the same instant . . . ." Before the amendment of St. 1929, c. 147, § 1, the statute read: "Every driver of a motor or other vehicle approaching an intersecting way . . . shall grant the right of way at the point of intersection to a vehicle approaching from his right, provided that such vehicle is arriving at the point of intersection at approximately the same instant." The change from "approaching" an intersection to "entering" an intersection was an attempt by the Legislature to provide a more precise standard of conduct. The question now left to the determination of motorists is which motor vehicle is actually entering the intersection defined by G. L. (Ter. Ed.) c. 89, § 8, as "the area embraced within the extensions of the lateral curb lines, or, if none, the lateral boundary lines, of intersecting ways as defined in section one of chapter ninety," or whether the two vehicles are entering the defined area at approximately the same instant. According to the instructions of the charge, above quoted, an automobile travelling at an unreasonable rate of speed, say sixty miles an hour, would not have the right of way, even though it was on the right of a vehicle travelling at a reasonable speed and the automobiles entered the intersection at the same moment. It is inferable from the illustration of a man travelling at the rate of sixty miles an hour that no person driving at an unreasonable rate of speed, at a

rate of speed in excess of that allowed by law, under the possible circumstances here disclosed would have the right of way.  The interpretation of this statute which subjects the rights under the statute to a qualification based upon the speed at which the vehicles enter the intersection is not warranted by any decision and is contrary to *Fournier* v. *Zinn*, 257 Mass. 575, 578–579, wherein the court said that the statute "was passed to prevent the automobilist from taking a chance and running the risk of speeding across the area of two intersecting streets in the hope of escaping a collision with the vehicle on his right."  There is no intimation in the opinion in the case cited that a motorist loses his right of way to a motorist on his left if the first motorist when he entered the intersection was travelling at a rate of speed in excess of fifteen miles an hour which was excessive because the view of the driver was obstructed.  Driving at an unreasonable rate of speed does not make the driver a trespasser on the highway.  The statement at the end of the portion of the charge thought erroneous and prejudicial to the defendant, that "this question of the right of way has to be taken into consideration with other incidents, with other circumstances, bearing on the question of whether a person is driving carefully or not," taken by itself was not objectionable and is conceded by the defendant in her brief to be a "correct ruling under the law of this Commonwealth."

The case of Augusta S. Gray stands on a different footing from the case of Charles Gray because there is no evidence of her negligence.  Her case depends upon whether or not the cause of her injury was the negligence of the defendant.  Under the instructions given, the jury might have found that the defendant did not have the right of way, but that she nevertheless continued across the intersection in front of the automobile driven by Charles Gray, and collided with it.  They could have found that this was negligence apart from the unreasonable speed.  The jury could have found that the excessive speed at which the defendant entered the intersection was not the cause of the accident, but that the continuing across the intersection when she

did not have the right of way was the cause of the collision.

At the conclusion of the charge the defendant's counsel duly drew the judge's attention to the portion of the charge, above quoted, as being erroneous, and duly saved an exception to it. We think that the defendant was prejudiced by the portion of the charge quoted and that the harm thereby caused to the defendant was not cured by the charge considered as a whole. In each case the entry must be

*Exceptions sustained.*