### WILLAMAN v GRABER

Ohio Appeals, 5th Dist, Stark Co

No 1669. Decided Oct 21, 1936

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

P. J. Gnau, Canton, for plaintiff-appellee.
Lynch, Day, Pontius & Lynch, Canton, for defendant-appellant.

## OPINION

By LEMERT, PJ.

This cause comes into this court on an appeal on questions of law from the Court of Common Pleas of Stark County, Ohio. It was an action for damages arising out of an automobile accident, brought by Edward Willaman, plaintiff, against Jacob Graber, defendant Trial was had to a jury and a verdict rendered in favor of the plaintiff for the sum of $3,000.00. Defendant filed a motion for new trial, which was overruled, and judgment entered upon the verdict.

The instant case is a case arising out of a collision between two automobiles, not at intersecting thoroughfares, but where one thoroughfare meets another, and the injured party was the operator of a vehicle upon the highway which proceeded uninterruptedly beyond the point where the other highway came to a dead end.

The complaints of negligence against the defendant below, upon which the plaintiff below relied, as recited in his petition and supported by the evidence, were not confined to the failure of the defendant below to stop, in response to a large stop sign or danger signal erected for his guidance. We note from the record that no attempt was made by the plaintiff below to establish that the road, which may be designated as the Congress Lake Road, was a main thoroughfare, nor is there any evidence that it was not such a main thoroughfare, as defined by the General Code of Ohio.

We are of the opinion that the jury had a right to consider the existence of this stop sign, as well as other warning devices revealed by defendant's exhibit 1 and plaintiff's exhibit A, in determining whether or not the accident was caused by the negligence of the appellant or the appellee. We are of the opinion that from an impartial reading of the testimony in this case that the verdict was not against the manifest weight of the evidence, or that any error was committed by the trial court in overruling the motions of the defendant below for a directed verdict at the close of plaintiff's case and at the close of all the evidence.

The second proposition relied upon by the appellant is the instruction given to the jury before argument at the request of the plaintiff below. We believe it fundamental and academic that charges are to be considered as a whole. The charge to which exception is taken, when examined in toto discloses that the jury was limited in awarding compensation to the plaintiff below for future pain and suffering to that which the testimony or the evidence clearly indicates he may reasonably be expected to suffer in the future, as a direct and proximate result of the injury complained of, and later in the request to charge the jury was instructed that they could consider the probable effect of the injury in the future upon his health and the use of the injured

knee and his ability to conduct his business. We believe this charge given to the jury at the request of the plaintiff was a sound and complete statement of the law.

The appellant complains of that portion of the charge of the court relating to the burden imposed upon the defendant below with respect to contributory negligence. Counsel for appellant seems to proceed upon the theory or supposition that in order to require a court to charge upon contributory negligence, the pleadings must contain a claim of contributory negligence on the part of the answering defendant. We understand the rule in Ohio to be that even though the pleadings do not raise the question of contributory negligence, if it becomes an issue in the case by virtue of the evidence, it then becomes the duty of the court, regardless of the pleadings, to charge on that issue, and the fact that it is not pleaded is immaterial. 4 O. Juris., 611.

That contributory negligence was raised as an issue by the evidence in the instant case by counsel for defendant below cannot be denied. We find references to the contributory negligence of the plaintiff below, which is relied upon in their brief as a foundation for the claimed error of the court in refusing to direct a verdict in favor of the defendant below. It being evident that contributory negligence was raised by this case, that being true, application of the established Ohio rule required the court to charge upon contributory negligence with the wording of the charge as given by the court in its general charge. Citing **Hanna v Stoll, 112 Oh St 344.**

Appellant also complains of the failure of the court to charge with respect to right of way, in accordance with a request of counsel, at the conclusion of the court's general charge. A complete answer to the refusal of the court to so charge is answered by the facts presented in this case, namely, that this was not an intersection case, and that being true, the request to charge was by the court properly refused. If the court had given the charge requested by opposing counsel, reversible error would have been committed. As was stated in **Morris v Bloomgren, 127 Oh St 147,** in the third section of the syllabus, the phrase "in a lawful manner," found in §6310-28, GC, is not an obligation placed upon the vehicle upon which the right of way is conferred. If such vehicle is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rule of the common law.

In this case there were conflicting views of the parties. The jury heard all the testimony. A full and complete charge was given by the trial court. The verdict was amply supported by the evidence. It therefore follows that the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.