GLADYS BOUTILLIER, administratrix, *vs.* GEORGE N.
WESINGER.

Middlesex.   January 5, 1948. — March 8, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Executor and Administrator,* Foreign representative.  *Pleading, Civil,*
Special demand, Answer, Admission of facts.  *Practice, Civil,* Amend-
ment, Parties.  *Negligence,* Motor vehicle, Contributory.  *Proximate
Cause.*

The mere fact, that the plaintiff in an action of tort for causing death,
having alleged himself to be administrator of the decedent's estate,
introduced in evidence only a certificate of his appointment as such in
another State, did not preclude maintenance of the action where the
defendant had not, within the time specified in § 30 of G. L. (Ter. Ed.)
c. 231, filed a special demand for proof that the plaintiff was an admin-
istrator qualified to maintain the action.

The "special demand" mentioned in § 30 of G. L. (Ter. Ed.) c. 231 is
not itself a part of the answer, even if physically included in it.

The allowance of a motion, presented after the close of the evidence at
the trial of an action of tort, to amend the defendant's answer by
inserting therein a denial that the plaintiff, who had alleged that he
was administrator of a decedent, was an administrator "qualified in
any court of this Commonwealth" and calling upon him "to prove
the same," amounted merely to permission by the judge to file a
"special demand" under § 30 of G. L. (Ter. Ed.) c. 231 after the time
allowed by the statute, and was beyond the judge's power and was
ineffective.

Evidence, at the trial of an action for causing death of the plaintiff's
intestate in a collision of automobiles, of the circumstances in which
the automobiles met violently, nearly head on, at night when the
defendant, who had a clear and unobstructed view ahead and saw the
other automobile about five hundred feet away, made a sweeping bend
to his left, presented an issue of negligence of the operators of both
automobiles;  and warranted a finding that the death of the plaintiff's
intestate was caused by the collision.

TORT.   Writ in the Superior Court dated November 9,
1944.

The action was tried before *Dillon, J.*

*L. Karp,* for the plaintiff.

*D. H. Fulton,* for the defendant.

Qua, C.J. This is an action by a person alleging herself to be the administratrix of the estate of Enoch M. Boutillier for death of her intestate alleged to have resulted from negligent operation by the defendant of a motor vehicle on Tyngsborough Road in Chelmsford on November 15, 1943, so that said motor vehicle struck a motor vehicle operated by Boutillier.

At the trial the plaintiff testified that she was the administratrix of the estate of the deceased. She introduced in evidence a certificate showing her appointment by a Probate Court in New Hampshire. After the close of the evidence the defendant presented a motion for a directed verdict in his favor and a motion "to amend his answer" by inserting a denial "that the plaintiff is the administratrix of the estate of deceased qualified in any court of this Commonwealth" and calling upon her "to prove the same." The judge allowed both motions.

It is settled in this Commonwealth that an administrator appointed in another jurisdiction is not thereby qualified to maintain an action here under our death statute. *Brown* v. *Boston & Maine Railroad,* 283 Mass. 192. But it is provided by G. L. (Ter. Ed.) c. 231, § 30, among other things, that if it is alleged in any civil action or proceeding that a party is an executor or administrator "such allegation shall be taken as admitted unless the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, a special demand for its proof." The defendant did not file such special demand within the time allowed by the statute. The "special demand" mentioned in c. 231, § 30, is not itself a part of the answer, even if physically included in it, any more than are the specific denial of the genuineness of a signature and demand for proof required by § 29 of the same chapter. *True* v. *Dillon,* 138 Mass. 347. *Ham* v. *Kerwin,* 146 Mass. 378. See *Spooner* v. *Gilmore,* 136 Mass. 248; *Scholl* v. *Gilman,* 263 Mass. 295, 298; *McDuffee* v. *Kelsey,* 312 Mass. 458, 459–460. By § 30 the time allowed for filing the answer is made the measure of the time allowed for filing the "special

demand." There is no provision for extension of that time. In this case there was no extension of the time for filing the answer, whatever effect that might have had. There was no true amendment to the answer. There was merely a permission to the defendant, which the judge had no authority to grant, to file the "special demand" after the time allowed by the statute. The demand was ineffective. By not filing it in season the defendant admitted that the plaintiff was the administratrix qualified to maintain the action and could not deny that fact at any later stage of the case. *Boudreau* v. *New England Transportation Co.* 315 Mass. 423, 426. *Cabana* v. *Holyoke Conclave,* 160 Mass. 1. And this is not the type of case where the action must fail for want of any plaintiff when it was commenced. *Boudreau* v. *New England Transportation Co.* 315 Mass. 423, 426–428. It may be proper to add that the plaintiff's certificate of her appointment in New Hampshire was not inconsistent with an appointment in this Commonwealth.

It follows that a verdict could not properly be directed for the defendant on the ground of lack of capacity in the plaintiff to bring the action.

On the merits of the case we think there was evidence for the jury.

There was evidence that the collision occurred shortly after midnight on a clear, bright night at approximately the center of a macadam highway thirty-four to thirty-five feet wide; that the defendant was just entering upon a wide sweeping bend to his left; that the damage to each vehicle was at its front end but more toward the left than the right; that when the automobiles came to rest approximately a third of the defendant's automobile was on his left side of the road; that the Boutillier automobile was on his right side of the road; that a third automobile arriving at the scene shortly after could not pass the automobile driven by Boutillier without going partly upon the grass at its right; and that all the broken glass was on Boutillier's side of the road. The defendant testified that he had a clear and unobstructed view ahead; that he saw the Boutil-

lier automobile about five hundred feet away and had it in full view from there on; and that he went two hundred feet after he applied his brakes before the automobiles came together. The jury were not obliged to believe the defendant's testimony that he saw the Boutillier automobile "zigzag" at him or other evidence more favorable to him than that hereinbefore stated. They could find that if he had turned away from the middle of the road seasonably he could have avoided the collision. With respect to contributory negligence of Boutillier the burden of proof was upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. The issue of negligence of each of the drivers was for the jury. See *White* v. *Calcutt*, 269 Mass. 252, 255; *Jackson* v. *Anthony*, 282 Mass. 540; *Duff* v. *Webster*, 315 Mass. 102; *Campbell* v. *Ashler*, 320 Mass. 475, 478.

There was sufficient evidence that Boutillier's death was caused by the collision. The impact was a violent one. His automobile was reduced to junk. Almost immediately after the collision, Boutillier was found lying on the floor, with his head toward the rear under the front seat, which had "tipped over to the back." He moved when his name was called but did not answer. See *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535. He had been in good health before the accident. The certificate of death, admitted without objection, gave collision as the cause of death. See G. L. (Ter. Ed.) c. 46, § 19, as last amended by St. 1945, c. 570, § 1; *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 213–214; *Cohen* v. *Boston Edison Co. ante*, 239, 240; *Trump* v. *Burdick, ante*, 253.

*Exceptions sustained.*