CONCETTA SALVATO, guardian, *vs.* DISILVA TRANSPORTATION
Co., INC. & another.

Middlesex.   May 5, 1952. — September 25, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Pleading, Civil*, Special demand for proof, Admission of facts, Answer. *Corporation*, Existence, Dissolution, Revival.   *Negligence*, Motor vehicle, Contributory.   *Evidence*, Presumptions and burden of proof, Relevancy and materiality, Sign.   *Law of the Road*.   *Error*, Whether error harmful.   *Sign*.   *Witness*, Competency.   *Practice, Civil*, Parties.

An action begun against a corporation more than three years after its dissolution and prior to its revival for all purposes under G. L. (Ter. Ed.) c. 155, § 56, as amended by St. 1939, c. 456, § 2, had full standing where the defendant never filed a special demand under G. L. (Ter. Ed.) c. 231, § 30, for proof of an allegation by the plaintiff that the defendant was a corporation. [307–309]

An amendment to the answer in an action against a corporation merely alleging that the defendant had been dissolved was not a special demand by the defendant under G. L. (Ter. Ed.) c. 231, § 30, for proof of an allegation by the plaintiff that the defendant was a corporation. [309]

Evidence that the operator of a motor truck passed a stop sign at an intersecting street in a city without stopping and entered the intersection at about twenty miles per hour and did not see an automobile approaching on the intersecting street until it collided with the side of the truck warranted a finding of negligence on the part of the operator of the truck. [310]

In an action for injuries resulting from a collision of two motor vehicles operated by the parties, a ruling that the defendant had sustained the burden of proving the plaintiff guilty of contributory negligence was not required where it appeared that the plaintiff did not testify and that the only evidence of the circumstances of the accident consisted of uncontradicted testimony by a witness for the plaintiff and of testimony by the defendant and was not binding on the plaintiff. [310–312]

An erroneous ruling by the judge at the trial of an action resulting from a collision of motor vehicles at an intersection of ways, in substance that the rights and duties prescribed by G. L. (Ter. Ed.) c. 89, § 8, were qualified by the speeds at which the vehicles entered the intersection, was harmful to the defendant where a finding for the plaintiff was based in part on the right of way. [312]

There was no error, at the trial of an action resulting from a collision of motor vehicles at an intersection of ways, in the admission of evidence that there was a stop sign facing the operator of one of the vehicles at the intersection. [312–313]

References by witnesses to a "stop sign" at an intersection of public ways, without further description, might be found to refer to a stop sign of ordinary appearance commonly placed by public authority. [313]

Mere association with a court for a long period and frequent testimony before a judge thereof did not disqualify one from testifying as an expert witness in an action heard by that judge. [313]

An action to recover for personal injuries and property damage should be prosecuted in the name of the injured person and not in the name of his guardian. [313]

TORT. Writ in the Third District Court of Eastern Middlesex dated October 5, 1942, against "DiSilva Transportation Co., Inc., a Massachusetts corporation duly established by law."

On January 4, 1949, the court allowed a motion filed by the plaintiff on December 23, 1948, to amend by joining one McGowan as party defendant.

The action was heard by *Stone*, J.

*Joseph A. DeGuglielmo & Lawrence F. Feloney*, for the plaintiff, submitted a brief.

*Joseph P. Rooney*, (*A. Benjamin Cohen* with him,) for the defendants.

QUA, C.J. A judge of the District Court in which this action for personal injury and property damage suffered by Concetto Salvato was brought entered a finding in a substantial sum against both defendants. This finding was

vacated by the Appellate Division which ordered a finding for the defendants. The plaintiff appeals.

1. The first question presented is whether the action was ever validly brought and is now an existing action against the defendant DiSilva Transportation Co., Inc., hereinafter called the corporation. Linked with this is the question whether a subsequent amendment purporting to bring in the defendant McGowan was valid. Both defendants contend that there was no pending action upon which the amendment could be engrafted.

The relevant facts are these: The collision of motor vehicles out of which the cause of action arose occurred on January 2, 1942. The writ bears date of October 5, 1942, and was served October 8, 1942, in hand upon a person described in the return as the corporation's "secretary and the officer in charge of its business." The corporation purported to appear and answer by its attorney on October 28, and on the same day filed interrogatories to the plaintiff. On December 29 it had the plaintiff nonsuited for failure to answer the interrogatories. The nonsuit was subsequently removed. The corporation, however, had been dissolved by St. 1939, c. 399,[1] "subject to the provisions of" G. L. (Ter. Ed.) c. 155, §§ 51, 52, and 56. On March 16, 1943, it was revived by the commissioner, apparently without limitation, under § 56, as amended by St. 1939, c. 456, § 2, and thereafter continued in existence. Under this section, upon revival of a corporation for all purposes it has the same powers and is subject to the same duties and obligations as if it had not been dissolved, and "all acts and proceedings of its officers, directors and stockholders or members, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall . . . stand ratified and confirmed." It appears therefore that when the cause of action arose on January 2, 1942, within the three years after dissolution allowed by § 51 for the winding up of the corporation's affairs, the corporation was still in exist-

---

[1] This act took effect on August 1, 1939.

ence for limited purposes. The carrying on of its original business, however, except for purposes of winding it up, would be ultra vires. But when suit was brought and the writ was served in October, 1942, the three years had expired, though the corporation was still capable of being revived under § 56 until five years after dissolution, and was so revived about five months after suit was brought.

An argument could be made that, inasmuch as the statutory dissolution took effect subject to revival under § 56, and revival under that section actually occurred, there must have been at all times some shred of corporate existence, enough so that there was something to revive, and that when revival took place, including revival of duties and obligations, an action brought against the corporation during its dormant period became imbued with full life. See *Russell Box Co.* v. *Commissioner of Corporations & Taxation,* 325 Mass. 536, 540; *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269, 270–271; *J. B. Wolfe, Inc.* v. *Salkind,* 3 N. J. 312, 317–320. The cases of *Thornton* v. *Marginal Freight Railway,* 123 Mass. 32, and *Boston Tow Boat Co.* v. *Medford National Bank,* 228 Mass. 484, were decided before there was any statute providing for revival. The case of *Oklahoma Natural Gas Co.* v. *Oklahoma,* 273 U. S. 257, cited by the defendants, does not decide the question now before us.

We think, however, that the action now has full standing for another reason. It was provided by G. L. (Ter. Ed.) c. 231, § 30, before its amendment by St. 1949, c. 179, that "If it is alleged in any civil action or proceeding that a party is an executor, administrator, guardian, trustee, assignee, conservator or receiver or is a corporation . . . such allegation shall be taken as admitted unless the party controverting it files in court, within the time allowed for the answer thereto . . . a special demand for its proof." No such "special demand" has ever been filed in this case. Before the 1949 amendment the "special demand" could not be made after the time for filing the answer, and the court could not extend the time for filing the special de-

mand.  *Boudreau* v. *New England Transportation Co.* 315 Mass. 423, 426.  *Boutillier* v. *Wesinger*, 322 Mass. 495, 497. See *Cabana* v. *Holyoke Conclave*, 160 Mass. 1.  The 1949 amendment gave the court power to extend the time for filing the demand, but the court has not exercised that power in this case.  On January 11, 1949, before the 1949 amendment took effect, the court did allow an amendment to the corporation's answer whereby the corporation was purportedly allowed to include therein an allegation that it had been dissolved.  At that time the court had no power to extend the time for filing the "special demand," beyond the time allowed by the statute, and the amendment was not an extension of the time for filing the answer, whatever effect that might have had under the statute upon the time for filing the "special demand."  Moreover, in any event, the amendment did not contain the "special demand" for proof required by the statute.  It merely set up facts without any demand.  *Spooner* v. *Gilmore*, 136 Mass. 248. *Ham* v. *Kerwin*, 146 Mass. 378.  *Scholl* v. *Gilman*, 263 Mass. 295, 298.  *Auburn State Bank* v. *National Laundry Co.* 289 Mass. 397.  *McDuffee* v. *Kelsey*, 312 Mass. 458, 459–460.  It is settled that the "special demand" of the statute is not part of an answer, but is something distinct from the answer, even if included in it.  *Boutillier* v. *Wesinger*, 322 Mass. 495, 496.

There may be some logical difficulty in holding to a lawsuit a corporation which (as we are assuming) did not exist when the suit was begun, but a plain legislative intent must prevail over such considerations.  The statute, so far as it relates to corporations, would be practically meaningless if it did not apply to the few instances where in truth there is no corporation as well as to those where there is.  *Boudreau* v. *New England Transportation Co.* 315 Mass. 423, 426. In this instance at least there is no question of hardship to the corporation or of due process of law, since after the corporation was revived it had full opportunity to defend the action and did defend it, and nothing prejudicial to the corporation occurred in the action before it was revived.

We are not now confronted with questions which might arise if an attempt were made to collect an execution against a corporation that had not been revived. See *Thornton* v. *Marginal Freight Railway,* 123 Mass. 32, 34; *Bigelow* v. *Union Freight Railroad,* 137 Mass. 478.

2. We turn next to the merits of the case. The collision was between a motor truck which could be found to have been twenty feet long and to have weighed, with its load, about ten tons, operated by the defendant McGowan, and an automobile operated by Concetto. McGowan testified that he was employed as a chauffeur by the corporation. According to all the evidence, the collision occurred in the intersection of Main and Portland streets in Cambridge. Concetto was driving on Main Street and McGowan on Portland Street. Concetto ran into the side of the truck, and his automobile was pinned under it. Besides McGowan the only witness to the accident was one Sullivan, called by the plaintiff, who testified that he was following Concetto on Main Street and saw what happened. Concetto himself did not testify. He claims that he became mentally affected as a result of the accident. Apparently he was still under guardianship at the time of the trial.

3. There was evidence to warrant a finding that McGowan was negligent. There was evidence that he passed a stop sign without stopping and entered the intersection at about twenty miles an hour, and (by his own testimony) that he did not see Concetto's automobile until he felt the impact.

4. There was evidence that Concetto was negligent in driving ahead into the side of the truck without stopping. He could also be found to have violated the right of way law hereinafter mentioned, and that too would have been evidence of his negligence, but it would not necessarily have been in itself a bar to recovery, unless found to have contributed to cause the collision. *Scranton* v. *Crosby,* 298 Mass. 15, 18. *Dean* v. *Leonard,* 323 Mass. 606.

5. The Appellate Division, however, took the view that Concetto was contributorily negligent as matter of law. The Division makes an elaborate argument based principally

upon distances and speeds as testified to by Sullivan.[1]  The difficulty is that the trial judge was not obliged to accept Sullivan's testimony even when wholly uncontradicted, and even though he was the plaintiff's witness.  *Lydon* v. *Boston Elevated Railway,* 309 Mass. 205.  *Perry* v. *Hanover,* 314 Mass. 167, 170.  *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307.  *Haun* v. *LeGrand,* 268 Mass. 582, 584, and cases cited.  *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 110.  The burden of proof of the contributory negligence of Concetto was on the defendants.  G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1.  It is a commonplace that a ruling of law can very seldom be made that the burden of proof has been sustained on oral evidence of such character that the party against whom the ruling is made is not absolutely bound by it, as he would be bound, for example, by his own testimony unfavorable to him in the absence of other favorable testimony.  *Perry* v. *Hanover,* 314 Mass. 167, 170.  The plaintiff was not absolutely bound by any of the evidence in the case.  None of it bearing on negligence was documentary.  None of it consisted of findings of an auditor which are made prima facie evidence by statute and must prevail unless contradicted.  *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 565–567.  Two of the cases cited by the Appellate Division, *Wade* v. *Buchanan,* 306 Mass. 318, 323, and *Zarrillo* v. *Murphy,* 311 Mass. 493, were of that type, and therefore are not in point.  Occasionally a case occurs where the findings required to prove liability on the part of the defendant necessarily prove negligence on the part of the plaintiff.  *Brown* v. *Boston & Maine Railroad,* 302 Mass. 90.  But this case is not of that kind.  Furthermore, since Concetto did not testify, the case is similar to an action for the death of a person involved in a collision.  In such cases it is held that circumstances bearing upon the question of

---

[1] The Appellate Division also made some use of findings by the judge as to the width of the respective streets, of which we can find no evidence in the report.  There are other instances of findings apparently not supported by evidence.  The report may be deficient, but it purports to contain all the material evidence, and we are bound by it.

contributory negligence and not covered by evidence are assumed to have been favorable to the plaintiff. *Duff* v. *Webster*, 315 Mass. 102. *Campbell* v. *Ashler*, 320 Mass. 475, 478. In this case there were such circumstances that might have turned the scale. For instance, there was evidence that it was raining and foggy. Concetto's windshield or window, without negligence on his part, may have been clouded so that he could not readily see at an angle to his left. The surface of the road may have been slippery so that he could not stop quickly. Sullivan testified that when the truck was in the middle of the intersection and Concetto was approaching the intersection the truck swerved to its left and then to its right. The extent of these movements does not appear. The movement of the truck to its left, if the facts had been fully developed, might have been such as to cause Concetto reasonably to believe that the truck was making a left turn and that he could safely proceed into the intersection. The burden of proof being upon the defendants, these and other possibilities were all for the trial judge to consider before he came to the conclusion that on such evidence as he had before him the burden of proof had been sustained. In other words, a question of fact was presented. *Pond* v. *Somes*, 302 Mass. 587, 590–592. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 537–538. *Campbell* v. *Ashler*, 320 Mass. 475, 478–479. *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 720. *Jones* v. *Harrar*, 326 Mass. 488, 490.

6. There was error, however, in the manner in which the trial judge dealt with the right of way statute. G. L. (Ter. Ed.) c. 89, § 8. He ruled in precise conformity with a construction of this statute held to be erroneous in *Gray* v. *Kinnear*, 290 Mass. 31. The error was not an immaterial one, since the matter of the right of way seems to have figured prominently in the judge's findings. For this reason his ultimate finding for the plaintiff cannot stand.

7. There was no error in admitting evidence that there was a "stop sign" facing McGowan on Portland Street at the intersection. See *Copithorn* v. *Boston & Maine Railroad*, 301 Mass. 510, 515–516; *Reardon* v. *Marston*, 310 Mass.

461, 462–463; *Rogers* v. *Jefferson*, 223 Iowa, 718, 721; *Willaman* v. *Graber*, 57 Ohio App. 39. Compare *Sharpe, petitioner*, 322 Mass. 441. And we are of opinion that references by witnesses to a "stop sign" at an intersection, without further description, may be found to refer to a stop sign of ordinary appearance such as is commonly placed by public authority.

8. The testimony of Dr. Baker was sufficient to raise an issue of fact as to whether the accident was a contributing cause of the mental affliction from which Concetto suffered, but from which, happily, he now seems to have recovered. We think it unnecessary to review this testimony at length.

9. There is no substance in the defendants' contention that Baker should have been disqualified from testifying as an expert because of his long association with the District Court and his frequent testimony in the past before the judge who tried the case. There is no rule that a witness is disqualified because of acquaintance with the judge. See G. L. (Ter. Ed.) c. 233, § 20, as amended by St. 1951, c. 657, § 3.

10. The action should be prosecuted in the name of Concetto Salvato himself and not in the name of his guardian. *Chase* v. *Faulkner*, 307 Mass. 404, 407. Appropriate amendments should now be allowed to the writ and declaration.

11. The result is that the order of the Appellate Division is reversed; the finding for the plaintiff is vacated; amendments are to be allowed to the writ and declaration as hereinbefore stated; and the case is to stand for a new trial.

*So ordered.*