## Northern District
### No. 4495
## CONCETTO SALVATO
### v.
## Di SILVA TRANS. CO., INC.
## WILLIAM J. McGOWAN
(March 4, 1954)

*Brooks, J.* This is an action of tort to recover damages for personal injuries and property damage arising out of a collision on January 2, 1942, between plaintiff's automobile and a truck owned by defendant transportation company and operated by defendant McGowan. The writ was dated October 5, 1942, and was served October 8, 1942, in hand, upon a person described as the corporation's "secretary and officer in charge of the business." The corporation appeared and answered by its attorney, October 28, 1942, pleading General Denial and Contributory Negligence.

The corporation had, in fact, been dissolved on August 1, 1939, under St. 1939, c. 399. On March 16, 1943, it was revived by the Commissioner of Corporations under G. L. c. 155, §56, as amended by St. 1939, c. 456, §2, and thereafter continued in existence.

The case went to trial May 3, 1950. Finding for plaintiff was made May 17, and the case continued for assessment of damages. September 18, 1950, damages were assessed against both defendants for $13,496.50.

Defendants appealed to this Division, which on November 9, 1951, ordered finding for plaintiff vacated and finding made for defendant. The decision of this Division was then appealed to the Supreme Judicial Court, which sustained this Division so far as concerned the vacating of the original finding for plaintiff, but held that this court was in error in ordering a finding for defendant. *Salvato v. DiSilva Trans. Co.*, 329 Mass. 305. The case was thereon sent back for a new trial to the Third District Court of Eastern Middlesex.

November 25, 1952, prior to re-trial, and pursuant to the 1949 Amendment to G. L. c. 231, §30, defendant filed the following motion:

> "The defendants move that they be allowed to file a special demand for proof of the allegation contained in the plaintiff's writ and declaration that [the defendant] DiSilva Trans. Co., Inc., is a corporation."

The motion was heard and denied by Russell, J. Being, however, of the opinion that the matter should be reviewed by this Division prior to further proceeding, he reported the question.

In the original appeal to this Division, it was argued in behalf of defendant corporation that it had gone out of existence in 1939 and that its revival in 1943 could not be retroactive for the purpose of service in 1942, the three years having expired between the time of dissolution and the service upon it by the plaintiff. We held that failure of defendant seasonably to demand proof of the corporation precluded him from raising the question at a later date. G. L. c. 231, §30; *Boudreau v. New England Trans. Co.*, 315 Mass, 423; *Boutillier v. Wesinger*, 323 Mass. 495. We also held that the corporation, though technically and tentatively dissolved August 1, 1939, continued, in fact, to exist and operate until it was officially revived March 16, 1943. Furthermore, *Russell Box Co. v. The Commissioner of Corporations*, 325 Mass. 536, at page 540, seems to give some basis for holding that life does not wholly abandon the corporate body on the dis-

solution of the corporation. Chief Justice Qua, said:

> "We are unable to see that the constitutionality of Section 56 is affected by the very abstract question whether the certificates of the Commissioner reviving the corporation was in reality an act of new creation rather than strictly an act of bringing back to a limited stage of animation that which still possessed some dormant germ of life. If material, it would seem that the latter rather than the former is to be regarded as the correct statement."

The defendant's contention as to the status of the corporation was presented to the Supreme Judicial Court on appeal from this court and the court said:

> "An argument could be made that inasmuch as the statutory dissolution took effect subject to revival under Section 56, and revival under that section actually occured, there must have been at all times some shred of corporate existence, enough so that there was something to revive and that when revival took place, including revival of duties and obligations, an action brought against the corporation during its dormant period became imbued with full life."

The court went on to say:

> "We think, however, that the action now has full standing for another reason, namely that failure to demand proof of corporate existence was fatal to defendant's contention." *Salvato v. DiSilva Trans. Co.,* 329 Mass. 305, 308.

The 1949 Amendment to G. L. c. 231, §30, extends the time within which demand for proof may be made by adding the words "or within such further time as the court may allow on motion and notice." The court, by that amendment, acquired the discretion to allow a party to demand proof beyond the time originally permitted by §30. The court in this instance declined to exercise its discretion and denied defendant's motion. This denial is no more subject to judicial reversal than would be the denial of a motion for a new trial in the absence of evidence of abuse of discretion. *Bartley v. Phillips,* 317 Mass. 35. Considering the long history of this case and defendant's failure during ten years to endeavor to avail himself of this defense, it can hardly be said

that the court's action now denying him the opportunity was an abuse of discretion.

*Report dismissed.*

Joseph A. DiGuglielmo, Lawrence T. Feloney, for the plaintiff.

Paul V. Power, for the defendant.