*Southern Division*

## MARY E. MUNCK
### v.
## WILLIAM KOLODINSKI

*Present*: NASH, P. J., COX AND CALLAN, JJ.

*Cox, J.* This is an action of tort for personal injuries and for damage to the plaintiff's automobile sustained in a collision with the defendant's truck at the intersection of School and Grove Streets, in the Town of Winchendon, Massachusetts, at about 11:45 A.M., on June 12, 1955. The defendant's answer is general denial and contributory negligence of the plaintiff. There was a general finding for the plaintiff. The judge made no findings of fact.

The defendant claims to be aggrieved by the judge's denial of his requests for rulings Nos. 1, 2, 4, 6 and 7.

The evidence was conflicting. The judge allowed the defendant's request No. 3, that the evi-

dence *warranted* a finding that the plaintiff was lacking in due care; and No. 5, that the defendant had the right of way. This was a correct treatment of the two requests notwithstanding the finding for the plaintiff. *Hoffman v. Chelsea,* 315 Mass. 54.

The granting of No. 3 and No. 5 were rulings that the evidence, permitted, but did not require, findings that the plaintiff was guilty of contributory negligence and that the defendant had the right of way. *Godfrey v. Caswell,* 321 Mass. 161, 162.

We find no error in the denial of the requests Nos. 1, 2, 4 and 6. If it be assumed in the defendant's favor that these requests be requests for rulings of law rather than for findings of fact, their denial was correct, because there was competent evidence by the plaintiff and a witness that would support findings that the defendant was negligent (No. 1 and No. 2); that the plaintiff was not lacking in due care (No. 4); and that the plaintiff, being first at the intersection and approaching from the defendant's right (No. 6), had the right of way according to G. L. c. 89, §8. *Godfrey v. Caswell,* 321 Mass. 161, 164. *Greenberg v. Shoppers' Garage, Inc.,* 329 Mass. 31, 35.

Request No. 7 is that "The failure of one motorist to yield to another the right of way at an intersection of public ways is evidence of negligence or lack of due care". The denial of this request was error which we cannot say was not prejudicial to the defendant. The judge made no specific findings which might have rendered the request inconsequential or harmless. The requested ruling stated and called for a correct and important ruling. The right of way in a case involving the collision of automobiles at an intersection, while not absolute, is nevertheless a matter of consequence. *Bresnick v. Heath,* 292 Mass. 293, 297; *Avery v. R. E. Guerin Trucking Co., Inc.,* 304 Mass. 500, 505; *Morton v. Dobson,* 307 Mass. 394, 396, 397. *Brightman v. Blanchette,*

307 Mass. 584, 586; *Morton v. Dobson*, 307 Mass. 394, 396, 397; *Shockett v. Akeson*, 310 Mass. 289, 291; *Gaines v. Ratnowsky*, 311 Mass. 254, 258, 259; *Fallovalita v. Johnson*, 317 Mass. 153, 155; *Stanchfield v. Railway Express Agency, Incorporated*, 326 Mass. 796. Request No. 7 should have been allowed or facts found by which the consequence of its denial could have been tested. *McCarthy v. Beckwith*, 246 Mass. 409, 410.

The error is not avoided by the judge's allowance of request No. 5 that the evidence warranted a finding that the defendant had the right of way, for the reason that on the record we cannot determine that the general finding was not affected by the incorrect denial of the requested ruling. In *Salvato v. DiSilva Transportation Co., Inc.*, 329 Mass. 305, 312, it was pointed out that a trial judge had misconstrued the right of way law in *Gray v. Kinnear*, 290 Mass. 31, 35.

*The case is to stand for a new trial.*

Parkman, Robbins & Russell, for the Plaintiff.

Frank P. Hurley (Willard, Peterson, Goodspeed & Cameron), for the Defendant.