*Municipal Court of the City of Boston*

No. 497771

GERTRUDE BACKMAN

v.

METROPOLITAN TRANSIT AUTHORITY

(June 16 — October 11, 1961)

*Present:* Adlow, C. J., Riley & Glynn, JJ.

Case tried to *Mottola, Sp. J.*

*Glynn, J.* This is an action of tort in which the plaintiff seeks to recover for injuries received while she was a passenger on the bus of the defendant. The answer of the defendant was a general denial and contributory negligence.

*The evidence at the trial showed that* the plaintiff was a passenger on the bus of the defendant on July 24, 1958. All the windows of the bus were open and the plaintiff placed her elbow on the window sill. After travelling a distance the window fell on the plaintiff's right elbow and wrist. A fellow passenger lifted the window off the plaintiff's arm. The plaintiff testified that she did not know what caused the window to fall. There was other testimony from the defendant's witness that the window was in good working order.

At the close of the evidence the plaintiff made seven requests for rulings all of which were allowed, except No. 7, which request and ruling is the issue of this appeal.

Request No. 7 was as follows:

"The court is warranted in finding for the plaintiff."

Ruling: "Disallowed, — The court finds for the defendant, M.T.A., for the reason that the plaintiff was not in the exercise of due care by allowing herself to sit in the bus with her elbow resting on the window sill, thus exposing herself to danger. Plaintiff's acts contributed to her injuries."

The sole issue in this case is whether or not the trial judge erred in his ruling on request No. 7 and whether or not such ruling was materially erroneous.

The disallowance of the request was pertinent to the case. The trial judge in effect ruled as a matter of law that the plaintiff was

contributorily negligent by placing her arm on the window sill.

The evidence as reported certainly would have warranted a finding for the plaintiff. The ruling was erroneous. *Hoffman v. Chelsea,* 315 Mass. 54; *Salvato v. DeSilva Transp. Co., Inc.,* 329 Mass. 305.

There were no other subsidiary findings made by the trial judge which would render this ruling on request No. 7 immaterial. The ruling went to the very essence of the issue. *Bresnick v. Heath,* 292 Mass. 293, 298.

*Finding for defendant vacated. New trial ordered.*

Milton Schwartz of Boston, for the Plaintiff.

William J. Fitzgerald of Boston, for the Defendant.