BRIAN KENNEDY & others *vs.* STRAND RADIO SALES AND SERVICE, INC. July 12, 1982. A father brought an action in behalf of his two minor children to recover damages for personal injuries incurred by them on the night of January 4, 1973, as a result of a fire that allegedly started in a television set in their home. In the complaint, the father claimed that the defendant corporation negligently repaired the television set and also was in breach of an implied warranty of fitness for home use after it made such repairs. At the conclusion of the opening statements, the defendant corporation filed a motion to dismiss the action on the ground that it had been dissolved and the action had not been brought within the three-year period after dissolution, as contemplated by G. L. c. 156B, § 102, as appearing in St. 1965, c. 685, § 44. The undisputed facts showed that the defendant corporation had been dissolved by the Supreme Judicial Court on March 15, 1972 (see G. L. c. 156B, § 99), and the complaint was not filed until May 23, 1977. The judge allowed the dismissal motion without prejudice. On February 4, 1980, the State Secretary revived the defendant corporation for the limited purpose of concluding pending litigation. See G. L. c. 156B, § 108. The plaintiff filed several motions, including a motion for new trial and a motion to vacate the judgment and order. The judge denied the motions on the ground that "the dissolution period is a limitation on a right against a dissolved corporation, making it incapable of being sued, notwithstanding statute of limitations provisions." We reverse.

By the terms of G. L. c. 156B, § 99, the defendant corporation was dissolved subject to being revived and, therefore, it retained some spark of life, even after the three-year period following dissolution. See Peairs, Business Corporations § 166 (2d ed. 1971). Once revival takes place, as occurred here, "an action brought against the corporation during its dormant period became imbued with full life." *Salvato* v. *DiSilva Transp. Co.*, 329 Mass. 305, 308 (1952). Thus, as a result of the revival of the defendant corporation, the action was revived as if it had been seasonably

brought during the three-year period after dissolution. The revival was for a limited purpose, i.e. to conclude pending litigation. The action was still pending as the plaintiff had filed objections to the judge's actions in regard to the dismissal and the time for taking an appeal had not expired. We note that the action was brought in behalf of minors and, therefore, by reason of G. L. c. 260, § 7, the statute of limitations has not run as to them.

The orders denying the motion for new trial and motion to vacate judgment of dismissal are reversed.

*So ordered.*

*Charles E. Berg* for the plaintiffs.
*Holland W. Hazen* for the defendant.