AIDA L. BLENDER, administratrix, *vs.* SYDNEY S. EPSTEIN & another.

Middlesex.    October 3, 1956. — November 15, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Bills and Notes,* Accommodation. *Equity Pleading and Practice,* Bill, Answer, Rehearing.

In a suit in equity for contribution in the payment of promissory notes apparently signed by the plaintiff's intestate and the defendant as comakers, the defence that the defendant signed the notes for the accommodation of the intestate should have been pleaded in the answer.  [694]

Certain allegations of a bill in equity involving promissory notes apparently signed by the plaintiff's intestate and the defendant as comakers and a prayer that "the court determine the respective rights of the parties" raised the issue of the relationship between them, and there was no error in a finding by the trial judge on the evidence that the defendant signed the notes for the accommodation of the intestate although the defendant had not pleaded such accommodation as a defence.  [694]

Evidence reported in a suit in equity involving promissory notes apparently signed by the plaintiff's intestate and two defendants as comakers warranted findings that one defendant signed at the request of the intestate on his representation that he and the other defendant wished to borrow the money for which the notes were given, and that the first defendant was an accommodation party with respect to the intestate.  [695]

There was no error on the part of a trial judge in denying without a hearing a motion by the plaintiff for further hearing of a suit in equity for the purpose of receiving newly discovered evidence where the judge denied the motion after examination of documents on which the motion was based and the motion was not shown to have been filed within the time allowed by G. L. (Ter. Ed.) c. 231, § 129.  [695–696]

BILL IN EQUITY, filed in the Superior Court on August 21, 1953.

The suit was heard by *Morton*, J.

*Angus M. MacNeil*, for the plaintiff.

*Hyman B. Pave*, for the defendant Epstein.

WHITTEMORE, J.   This is the plaintiff's appeal from a final decree of the Superior Court dismissing the bill as against the defendant Epstein.   Prior to the trial the bill was dismissed as against the other defendant, Joseph Bailey.

Although the statements of the bill are confusing, the prayers sufficiently fix its character, in a principal aspect, as one in which, as the trial judge found, the plaintiff as administratrix of the estate of her husband sought contribution from the defendants in the payment of two notes on which they were apparent comakers with the plaintiff's husband.

The plaintiff contends that it was not open to the trial judge on the pleadings to find that the defendant Epstein was an accommodation party.   The defendant's answer was confined to a denial of the allegations of the bill.

The affirmative defence of accommodation making should have been pleaded.   *Leonard* v. *Woodward*, 305 Mass. 332, 335–338.   *Jones* v. *Revere Preserving Co.* 247 Mass. 225.   Rule 29 of the Superior Court (1932).   However one of the prayers of the bill is that "the court determine the respective rights of the parties," and the bill alleges in substance that the loan was really made to the defendant Bailey, that the plaintiff's husband got none of the money, and that the defendant Epstein, though an apparent comaker, was in reality the payee or one for whom the apparent payees were acting.   The issues of the relationship between the three apparent makers, and who was accommodated, and by whom, on which the case turned, were thus squarely presented to the court by the plaintiff.   There was no claim of surprise at the trial or objection to the receipt of the relevant evidence.   There was no error in making findings and decrees based thereon.   See *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78; *Jones* v. *Sisson*, 6 Gray, 288, 294.

The evidence is reported. It was open to the judge to find on this evidence that Epstein signed at the request of the plaintiff's husband, Blender, on the representation by him that he and Bailey wished to borrow the money and that Epstein was an accommodation party in respect of Blender. As Bailey was dismissed from the case there was no occasion to determine the rights of the plaintiff against him or between Bailey and Epstein, and the decree is not made res judicata of those issues by the findings of the trial judge that Blender and Bailey were comakers and that Epstein accommodated both.

A finding that Epstein was a maker liable to contribute was not required by the evidence that the money was in fact used in a corporation of which the defendant Epstein was clerk and a small stockholder, and that sometime later, after Epstein found out about this, Bailey, the plaintiff and Epstein received an indemnity agreement from the corporation signed for it by Bailey and the plaintiff by which the corporation agreed to indemnify each of them against amounts due on the subject notes. The recital in this agreement (assented to in writing by Epstein, Bailey and the plaintiff) that "Joseph Bailey and Sydney S. Epstein represent that they, in conjunction with the late Louis J. Blender, executed promissory notes . . . the entire proceeds of which were turned over to Brigham's Cafe, Inc.," is not inconsistent with Epstein's testimony that he did not know at the time of signing of the notes of an intention to borrow for the corporation and that Blender stated that he and Bailey wanted to borrow the money and asked Epstein to accommodate them.

The trial judge filed his report of facts and order for decree on March 17, 1955, and the docket shows under this date the entry "copies sent." The docket shows under date of April 12, 1955, "Motion of plaintiff for further hearing for purpose of submitting evidence not available at time of original hearing and motion denied (notice sent)." A "motion for new trial" was filed May 2, 1955, in which allegedly newly discovered evidence bearing on the issue of

accommodation was referred to and the claim of surprise at the trial in this respect was made. On this the trial judge indorsed that it was denied without hearing for the reasons that "The plaintiff filed a prior motion for a rehearing which obviously is in essence a motion for a new trial and I denied that without a hearing as there were forwarded to me by mail the documents referred to in the pending motion and alleged to be newly discovered evidence, and after examining the same I was confirmed in my finding that the defendant was an accommodation endorser on a note in which he and the plaintiff's intestate were comakers. He was an accommodation endorser for the plaintiff's intestate. There was, therefore, no obligation of the defendant Epstein to the plaintiff and I denied that motion without a hearing." Neither motion was shown to be timely under G. L. (Ter. Ed.) c. 231, § 129, which requires that a motion for a new trial in a case heard by the court ("mistake of law" or "newly discovered evidence" are the statutory grounds) "may be filed within three days after receipt of . . . notice [of the decision] or within such further time as the court allows." If the first motion were to be considered as an application for an extension of time, its denial was within the discretion of the court.

No error is shown as to the denial of either motion.

*Final decree affirmed with*
*costs of the appeal.*