*Western District*

## WILLIAM W. JURCZYK, INC.

v.

## AMERICAN FIDELITY COMPANY

*Present:* Riley, P. J., Hobson and Garvey, JJ.

Case tried to *Noonan, J.,* in the District Court of Springfield. No. 143788.

*Garvey, J.* This is an action of contract. The Atlantic Refining Company executed two contracts with one Woodworth for the construction by Woodworth of two gasoline filling stations, one in Chicopee and the other in Springfield. Woodworth as principal and the defendant as surety executed a "Contractor's Bond" for each of these projects.

Under the terms of these two bonds, the defendant surety company guaranteed the faithful performance of the contractor's obligations under the written building contracts,

as well as the payment of all just bills or charges for labor and materials due in connection with the performance of these contracts.

The plaintiff, a sub-contractor, not having been paid for the items in suit by Woodworth brings this action against the surety, under the provisions of G. L. (Ter. Ed.) c. 149, §29A, which permits one who furnishes labor and materials to sue the surety directly. The declaration is in two counts, each with an account annexed for the two separate construction contracts. Count One for the sum of $2129.43 of which $1237.32 is for equipment used, and Count Two for the sum of $1715.08 of which $663.00 is for equipment used. The answer, as amended on February 21, 1958, the date of the trial, contains a general denial, an allegation that the obligee under the bonds made premature payments to the principal without the knowledge and consent of the defendant, thereby releasing it as surety, and an allegation that the plaintiff executed a release and waiver of liens, wherefore the defendant owes it nothing.

Plaintiff did not file within three days a specific denial of the genuineness of its signature on the releases and waiver of liens set forth in defendant's amended answer and made no demand that it should be proved at the trial. At the hearing on the draft report the trial judge allowed a motion of the plaintiff to amend its pleadings by including a special answer to the defendant's amended answer, setting out a denial of its signature

to the alleged releases and a demand for proof.

The case was tried on a written stipulation except for the testimony of William W. Jurczyk, an officer of the plaintiff corporation, who denied that he signed the releases and waivers of liens attached to the stipulation and marked "D" and "F" respectively, and the testimony of Woodworth, the contractor and principal under the bonds, that he saw William W. Jurczyk sign those documents.

The stipulation agreed upon was as follows:

1. The Atlantic Refining Company executed a contract dated May 22, 1956 with C. S. Woodworth for the construction of a filling station at 385 Memorial Drive in Chicopee, Mass. A duplicate original of said contract shall be introduced into evidence as Exhibit 1.

2. The Atlantic Refining Company executed a contract dated July 19, 1956 with C. S. Woodworth for the construction of a filling station at Carew and Nottingham Streets in Springfield, Mass. The provisions of said contract insofar as they are material to this action are identical with those of Exhibit 1 and reference may be had thereto in lieu of introducing that separate contract.

3. In accordance with the provisions of paragraph 3, page 2 of said contracts (see Exhibit 1 headed "Contractor's Bond"), C. S. Woodworth as principal and defendant as surety executed Bond No. 801901 on the Memorial Drive Contract, copy of which is

attached hereto and marked "A", and Bond No. 801028 on the Carew and Nottingham Contract, copy of which is attached hereto and marked "B".

4. The plaintiff supplied C. S. Woodworth with labor, materials and rental equipment as shown in Schedule "A" of the plaintiff's declaration which were used on the Memorial Drive contract referred to in Count 1 of said declaration.

5. The plaintiff supplied C. S. Woodworth with labor, materials and rental of equipment as shown in Schedule "B" of the plaintiff's declaration which were used on the Carew and Nottingham contract referred to in Count 2 of said declaration.

6. In accordance with the provisions of paragraph 3, page 8 of said contracts (see Exhibit 1) headed "Waiver of Liens and Claims" no mechanics' claims or liens were filed by C. S. Woodworth or any of the subcontractors, including the plaintiff, against the buildings, structures or site of The Atlantic Refining Company for or on account of any work done or materials furnished under either the Memorial Drive Contract or the Carew and Nottingham Contract.

7. In accordance with the provisions of paragraph 3, page 7 of said contracts (see Exhibit 1), headed "Payment of Sub-contractors and Release of Liens", C. S. Woodworth delivered to The Atlantic Refining Company a document entitled "Release of Liens" on the Memorial Drive Contract, a

copy of which is attached hereto and marked "C" with attached releases of all sub-contractors, including that *purporting to be the release of the plaintiff* (Emphasis supplied) which is attached hereto and marked "D" and a document entitled "Release of Liens" on the Carew and Nottingham Contract, a copy of which is attached hereto and marked "E" with attached releases of all sub-contractors, including that *purporting to be the release of the plaintiff* (Emphasis supplied) which is attached hereto and marked "F".

8. In reliance on said documents marked "C", "D", "E" and "F" The Atlantic Refining Company made final payment to C. S. Woodworth on the Memorial Drive Contract on January 16, 1957 in the sum of $6150.25 and on the Carew and Nottingham Contract on February 8, 1957 in the sum of $4653.50; the provisions for final payment being on page 7 of said contracts, headed "Payment of Sub-contractors and Release of Liens" and on page 9, headed "Contract Price-Payments".

9. Final inspection of both the Memorial Drive project and the Carew and Nottingham project was made by The Atlantic Refining Company on May 7, 1957, and both projects were accepted as completed by the Atlantic Refining Company on that date.

The trial judge found for the plaintiff and assessed damages under Count One in the sum of $2129.43 and under Count Two in the sum of $1715.08, and made the following special findings of fact:

"The Plaintiff furnished labor and materials to Chester Woodworth as alleged in his declaration which is in two counts.

Chester Woodworth was under contract with the Atlantic Refining Co. to do this work and a penal bond was supplied by Woodworth to the Atlantic Refining Co.

"The Defendant was surety upon this bond.

"The Plaintiff has not been paid.

"The Defendant produced two releases purported to be signed by the Plaintiff.

"Chester Woodworth testified that he saw the Plaintiff sign the releases. He also testified that they were dated at a different date than that on which the Plaintiff signed. He admitted committing the contemptible act of taking these releases to a notary public and obtaining his jurat thereon although the Plaintiff was not present at the time.

"I do not accept the testimony by Chester Woodworth that he saw the Plaintiff sign the releases.

I find that the Plaintiff did not sign the releases."

## The following are the defendant's requests for rulings and the trial judge's action thereon:

1. The certificates of the notary public on the releases purportedly executed by the plaintiff (Stipulation, "D" and "F") are prima facie evidence of the authenticity of their respective executions and furnishes formal proof thereof. *Allowed.*

2. If the releases (Stipulation, "D" and "F") bear the genuine signatures of the plaintiff, even though they were obtained by misrepresentation or fraud of the contractor, the plaintiff is precluded from recovering in this action. *Allowed.*

3. The final payments by The Atlantic Refining Company, obligee under the bonds, to the contractor prior to final inspection and acceptance of the work were premature and

constituted an overpayment which releases the defendant to the extent of the overpayments. *Denied.*

4. The rights of persons furnishing labor or materials on private contracts are no different or greater than the rights of the obligee as against the surety. (*This request was granted as a correct statement of law, but the trial judge stated that the rights of the plaintiff against the defendant are specifically conferred on him by G. L. [Ter. Ed.] c. 149, §29A.)*

5. The items labelled "Equipment" in accounts annexed to plaintiff's declaration, "A" and "B", are not "labor and material used or reasonably required for use" within the provisions of the bonds or General Laws (Ter. Ed.) c. 149, §29A and the plaintiff cannot, therefore recover for those items. *Denied.*

6. The evidence would not warrant a finding for the plaintiff on Count 1. *Denied.*

7. The evidence would not warrant a finding for the plaintiff on Count 2. *Denied.*

The defendant claims to be aggrieved by the finding of the trial judge that the plaintiff did not sign the releases and waivers of liens above referred to; by his refusal to grant requests for rulings numbered 3, 5, 6 and 7; by his ruling with reference to request numbered 4; by his finding for the plaintiff, and by his allowance of plaintiff's motion to amend its pleading so as to include a special answer to the defendant's amended answer at the hearing on the draft report.

The first issue to be determined is: Was the trial judge right in finding, on the evidence and the law, that the plaintiff did not sign the releases and waivers of liens heretofore referred to. G. L. (Ter. Ed.) c. 231, §29 provides:

"A signature to an instrument declared on or set forth as a cause of action or as a ground of defense or set-off shall be taken as admitted unless the party sought to be charged thereby files in court, within the same length of time after such instrument is pleaded as is allowed for an answer, a specific denial of the genuineness thereof and a demand that it shall be proved at the trial."

By Rule 13 of the Rules of the District Courts three days are allowed for the filing of such a pleading. The plaintiff did not file a denial of signature and demand for proof within this time. Had the defendant raised this issue at the trial it would have been decisive of the case. The genuineness of the signature on the releases would have been admitted. *Griffin v. NY, NH and H RR,* 279 Mass. 511, 514. It would have released the defendant from its obligation to the plaintiff on the bonds.

The allowance of the motion, at the hearing upon the draft report, permitting the plaintiff to file a special answer in which denial of signature and demand for proof was set forth, does not help. The trial judge had no authority to grant the plaintiff such permission. It was ineffective, as the statute does not provide for any extension of time in which to do this. *Boutillier v. Wesinger,* 322 Mass. 495, 496-497; *Salvato v. DiSilva Trans. Co.,* 329 Mass. 305, 308-309. Cf. *Ham v. Kerwin,* 146 Mass. 378.

However, the rules established in the

above cases do not apply to the present facts. "The object of the statute . . . [is] to save the party relying on a written instrument the trouble and expense of proving the signature thereof . . ." *True v. Dillon,* 138 Mass. 347, 349. The defendant was prepared to meet this issue. It recognized the genuineness of the plaintiff's signature as the only factual issue to be tried by the wording of part of paragraph 7 of the stipulation which reads, "including that purporting to be the release of the plaintiff". It did not object to the testimony of William W. Jurczyk who denied he signed the releases on behalf of the plaintiff. Woodworth was called as a witness by the defendant and testified he saw Jurczyk sign the releases. The statement in its brief at the beginning of its argument reads "On the only issue of fact not resolved by the stipulation, the trial judge found that the plaintiff did not sign the releases . . ." The wording of defendant's requests numbered 1 and 2 show that the question of the validity of the releases was submitted to the trial judge as a factual issue. Further, an examination of the original papers in the case disclose that the defendant in its trial brief, filed at the conclusion of the trial, did not argue the issue of the operation of §29 to the pleadings and facts in the case. It raised the issue for the first time when it filed its draft report. "In relation to some of the grounds relied upon in defence, . . . a preliminary objection was raised by the plaintiff, that they were not open to the defendant under his answer. It was admitted that this

point was now taken for the first time. This objection comes too late." *Jones v. Sisson,* 6 Gray 288, 294.

■ The issue of the genuineness of the alleged signatures to the releases was submitted by the parties to the trial judge for his determination. It became the law of the trial. *Arabia v. John Hancock Mut. L. Ins. Co.,* 301 Mass. 397, 400-401; *Dunbar v. Ferrera Bros., Inc.,* 306 Mass. 90, 92-93.

■ In these circumstances the defendant is estopped from now raising this issue. "And after a trial on the facts, which the order imports was had, a question of the sufficiency of the pleadings, not shown by the record to have been specifically raised or passed upon, is not open for the purpose of reversing the decision of the trial judge." *Gallo v. Foley,* 299 Mass. 1, 6. The issue was fully tried and the defendant makes no claim of surprise. *Blender v. Epstein,* 334 Mass. 693, 694.

■ To discharge the surety the release of the principal must be valid and binding. The trial judge having found that the plaintiff did not sign the release, there was no error in the denial of the defendant's requests numbered 6 and 7.

■ The defendant also claims that final payments were prematurely made by the owner to the contractor under the terms of their contracts, thereby releasing the defendant surety to the extent of those payments. The contracts provided that the owner agreed to retain ten per cent of the amounts due the contractor pending the completion of the jobs

and full compliance with the contracts to be determined by the final tests. On January 16, 1957 the contractor received a final payment of $6,150.25 on the Chicopee project and on February 8, 1957 $4,653.50 on the Springfield project. The final inspection and acceptance of both projects were made on May 7, 1957. There is no evidence that the projects were not in fact completed to the satisfaction of the owner on the dates of these payments. It is expressly stated in paragraph 8 of the stipulation that these payments were made in reliance on the releases of the plaintiff and releases of other sub-contractors. The defendant was not prejudiced. There was no error in the court's action in respect to defendant's request numbered 4 and in its denial of defendant's requests numbered 6 and 7. See *Veneto v. McClosky & Co.,* 333 Mass. 95, at 104.

■ The judge erred in awarding damages to the plaintiff for charges made by it for the *use of equipment* consisting of trucks, a bulldozer, grader, loader, roller, and Berm machine.

G. L. (Ter. Ed.) c. 149, §29A provides: "Whenever any surety bond shall be given in connection with any written contract for the erection, alteration, repair or removal of any private building or structure upon privately owned land, containing a condition for the payment of all labor and material used or reasonably required for use in the performance of the contract, any person who furnishes such labor or materi-

als shall be entitled to sue for his own use and benefit upon such bond in accordance with its provisions."

The plaintiff's rights are created by this statute. Recovery is permitted only for "labor and material used or reasonably required for use." The use of this type of equipment is not "material" within the meaning of similar provisions relating to bonds on public contracts. Teams furnished with or without drivers, are not "materials or labor furnished." *Loonie v. Wilson,* 233 Mass. 420, 427; the use of staging and falls in painting and plastering are not "labor performed or furnished and materials used in such construction." *Bay State Dredging & Contracting Co. v. W. H. Ellis & Son Co.,* 235 Mass. 263, 266-267; the use of tools, hardware, plows, and other items are not "labor performed or furnished and for materials used or employed in construction." *Am. Casting Co. v. C.,* 274 Mass. 1, 6-7. The court denied recovery for lumber used for forms, fencing and the like as "materials used or employed." *Walsh Holyoke Steam Boiler Works, Inc. v. McCue,* 289 Mass. 291, 294.

Defendant's request numbered 5 should have been granted.

*As there was prejudicial error in the denial of this request a new trial is to be ordered.*

Bacon, Weltman & Cohen, for the Plaintiff.
Frederick S. Pillsbury, for the Defendant.